209 P.3d 163

Bill **STAPLES**, Pima County Assessor; Pima County, a body politic and subdivision of the State of Arizona, Plaintiffs/Appellants,

v.

**CONCORD EQUITIES, L.L.C.**, a limited liability company, Defendant/Appellee.

No. 1 CA–TX 08–0003.

Court of Appeals of Arizona, Division 1, Department T.

March 31, 2009.

Reconsideration Denied May 5, 2009.

Barbara LaWall, Pima County Attorney By Terri A. Roberts, Deputy County Attorney, Tucson, Attorneys for Plaintiffs/Appellants.

Donald P. Roelke, Phoenix, Attorney for Defendant/Appellee.

## OPINION

KESSLER, Judge.

¶ 1 Does the value for Arizona real property "roll over" to the next tax year as described in Arizona Revised Statutes ("A.R.S.") section 42–16002(B) (2004) when the value is set after an administrative appeal to the Arizona Tax Court? The Arizona

Tax Court found that it does as a matter of law. We agree and affirm that judgment.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Concord Equities, L.L.C. ("Taxpayer") owns Parcel No. 137–11–428V (the "Property") in Pima County. Located on Mission Road in Tucson, the Property contains a 248–unit apartment complex named Mission Antigua Apartments.

¶3 Pima County Assessor Bill Staples (the "Assessor") mailed a notice of property valuation to Taxpayer in accordance with A.R.S. § 42–15101 (2003) for tax year 2006. The Assessor had set the full cash value at $7,867,800 and the limited property value at $7,201,920. Taxpayer instituted an appeal by filing a petition with the Assessor pursuant to A.R.S. § 42–16051 (2003).

¶4 When the Assessor recommended no change, Taxpayer appealed to the State Equalization Board (the "Board") under A.R.S. § 42–16157 (2001). The oral argument before the Board focused on whether A.R.S. § 42–16002 required the roll-over of tax year 2005 property values to tax year 2006.

¶5 The Board determined on September 21, 2005 that A.R.S. § 42–16002 required the full cash and limited property values for the 2005 tax year to roll over for tax year 2006. The 2005 value was based upon a full cash value of $6,696,000 to which the parties had stipulated in tax court (TX2004–000899), a reduction from the Assessor's previous determination of full cash value of $8,315,440. In that earlier case, Taxpayer had initiated review by filing a petition for review with the Assessor pursuant to A.R.S. § 42–16051, and then filed appeals to the Board and the tax court.

¶6 The Board reduced the full cash value to the tax year 2005 level, and the limited cash value accordingly dropped pursuant to A.R.S. § 42–13301 (1999). The Assessor and Pima County (the "County") then appealed to the tax court pursuant to A.R.S. §§ 42–16168(A) (1999), 42–16203 (2001), 42–16207 (1999), and 12–163 (2003).

¶7 Taxpayer answered, and the Assessor and Pima County moved for partial summary judgment on the application of A.R.S. § 42–16002. Taxpayer responded and cross-moved for summary judgment. After further briefing and oral argument, the tax court granted Taxpayer's motion, denied the Assessor and Pima County's motion, and awarded Taxpayer its costs. This appeal followed.

### DISCUSSION

**I. The Stipulated Judgment Resolved in a Tax Court Appeal is Entitled to Roll–Over Effect.**

¶8 This court reviews the tax court's grant of summary judgment *de novo*. *Wilderness World, Inc. v. Ariz. Dep't of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). Issues of statutory construction are also subject to *de novo* review. *Univ. Med. Ctr. Corp. v. Ariz. Dep't of Revenue*, 201 Ariz. 447, 450, ¶14, 36 P.3d 1217, 1220 (App. 2001).

¶9 We construe tax statutes liberally in favor of the taxpayer. *Brink Elec. Constr. Co. v. Ariz. Dep't of Revenue*, 184 Ariz. 354, 358, 909 P.2d 421, 425 (App.1995). Moreover, "[s]tatutes are to be construed as a whole, and related provisions in pari materia are to be harmonized if possible...." *State ex rel. Church v. Ariz. Corp. Comm'n*, 94 Ariz. 107, 110–11, 382 P.2d 222, 224 (1963).

¶10 Section 42–16002 (2004) provided:

A. The county assessor or county treasurer, whichever is appropriate, shall make the necessary changes in the tax roll and records to reflect the determinations that change valuations or classifications of property that result from reviews, administrative or judicial appeals or correction of errors and omissions under this title.

B. *If a review or administrative appeal pursuant to article 2, 3 or 4 of this chapter results in a reduction of the valuation or a change in the classification of property, in the next year the valuation or classification of property shall be the valuation or classification that was determined by the review or appeal* unless either:

1. There is new construction, a structural change or a change of use on the property.

2. Chapters 11 through 19 of this title require a specific annual formula for the valuation.

C. This section does not limit the right of a property owner to appeal the valuation or classification of the property.

(Emphasis added, footnotes omitted). This section, which reflects the amended Laws 2004, ch. 295, applies retroactively to taxable years beginning January 1, 2004. A.R.S. § 42–16002 (Retroactive Application).

¶ 11 The roll-over provision, A.R.S. § 42–16002(B) (2004), applies to this case because Taxpayer pursued an appeal to the Board and tax court under statutes in Articles 2 and 4 of chapter 16. Taxpayer appealed the 2005 tax year valuation in the underlying case by filing a petition pursuant to A.R.S. § 42–16051(A) of Article 2 in Chapter 16, which provides: "An owner of property which in the owner's opinion has been valued too high or otherwise improperly valued or listed on the roll may file a petition with the assessor on a written form prescribed by the [Arizona Department of Revenue]." Another Article 2 provision, A.R.S. § 42–16056, supplied Taxpayer's right to appeal to the Board. Article 4 of Chapter 16 also applies because one of its provisions, A.R.S. § 42–16168(A) (1999), states that any party "[t]hat is dissatisfied with the valuation or classification of property reviewed by the state board may appeal to court as provided by § 42–16203." Taxpayer pursued its appeal in the underlying case to the Assessor, the Board, and the tax court under these statutes before achieving a stipulated judgment.

¶ 12 We agree with the tax court that Taxpayer's claim is governed by the 2004 version of A.R.S. § 42–16002(B) and entitled to roll-over effect. An appeal initiated under Article 2 and culminating in tax court review under Article 4 falls within A.R.S § 42–16002(B). Consequently, the value achieved via stipulation in tax court is entitled to roll-over effect unless A.R.S. § 42–16002(B)(1) or (2) applies.

¶ 13 Prior to its amendment in 2004, A.R.S. § 42–16002 provided: "In the year subsequent to an appeal, the valuation or classification of property is the valuation or classification that was determined in the preceding year at the highest level of appeal unless there is new construction, a structural change or a change of use on the property." The 2004 amendment rewrote the introductory language to read: "If a review or administrative appeal pursuant to article 2, 3 or 4 of this chapter results in a reduction of the valuation . . . ." A.R.S. § 42–16002(B). The 2006 amendment revised the statute again by inserting "a judicial appeal pursuant to article 5 of this chapter" after the "article 2, 3 or 4 of this chapter" in A.R.S. § 42–16002(B). The 2006 amendment did not include a retroactivity clause, and thus does not govern this case. *See* A.R.S. § 1–244 (2002)(a statute does not apply retroactively unless expressly specified by the legislature).

¶ 14 The evolution of the statute supports the tax court's interpretation. The language A.R.S. § 42–16002(B) employed prior to 2004 indicates that the legislature did not intend to exclude from the statute's scope the last level of administrative appeal—a decision of the tax court. This court has recognized that an appeal to the tax court is the culmination or highest point of the appeal process:

> First, let us state that in our opinion the administrative appeal and/or direct appeal procedures *culminating* in a § 42–151 [now § 42–16207] appeal to the Superior Court do not constitute the exclusive means by which a dissatisfied taxpayer may question the factual correctness of the classification or valuation of his property as contended by the taxing authorities. Rather, it is our opinion that these same issues may be raised in a § 42–204, subsec. C suit for refund after payment under protest.

*Maricopa County v. Chatwin*, 17 Ariz.App. 576, 582, 499 P.2d 190, 196 (1972)(emphasis added); *see generally* Op. Att'y Gen. No. I03–010 (Ariz. Dec. 15, 2003)("In the year subsequent to an appeal . . . the full cash value of property is the value determined at the highest level of appeal.").

¶ 15 In the 2004 amended version, A.R.S. § 42–16002(B) similarly granted roll-over effect to values obtained on appeal pursuant to Articles 2, 3, and 4. These articles incorporate provisions for appeals, leading to tax

court review, including A.R.S. §§ 42–16051(A), 42–16056, and 42–16168(A). Consequently, A.R.S. § 42–16002(B) (2004) is consistent with the earlier version of A.R.S. § 42–16002(B).

¶ 16 Notwithstanding the express references to Articles 2 and 4 in the 2004 version, the Assessor and County argue that the 2004 amendment deprives taxpayers of roll-over effect when their administrative appeals are ultimately resolved in the tax court. We disagree.

¶ 17 The County and Assessor provide us with no rational basis for distinguishing the level of the administrative appeal at which the reduction is made. It is hard to imagine that the Arizona Legislature intended to deny roll-over effect to an appeal resolved in court but to grant it to one resolved at a lower administrative level. The statute's plain language calls for a value to roll over when a reduced valuation is obtained on appeal to the Assessor (Article 2), a county board of equalization (Article 3), or the Board or court (Article 4).

¶ 18 As Taxpayer points out, A.R.S. § 42–16002(B) provides for roll-over either through "administrative appeal" or "review" but not "judicial appeals," which is an additional option included in A.R.S. § 42–16002(A). *See* A.R.S. § 42–16168(A).[1] It also incorporates Article 4, which includes a provision for appeal from the Board to the tax court. A.R.S. § 42–16002(B). Moreover, A.R.S. § 42–16002(B) uses the word "administrative" to modify appeal, but not to modify review, thereby supporting the argument that the "review" is in a court.

¶ 19 The County and Assessor's argument would also create a dichotomy between appeals taken to superior court directly from an assessor's ruling under A.R.S. § 42–16056(c)(3) and appeals to court following Board review under A.R.S. §§ 42–16168(A) and 42–16203. The direct court appeals are under A.R.S. § 42–16056(c)(3) in Article 2, whereas the County and Assessor maintain that appeals following Board review fall only under Article 5. Therefore, according to the

County and Assessor's argument, the former appeals would fall within A.R.S. 42–16002(B) (2004) but the latter appeals would not. The County and Assessor offer no rationale for why the Legislature would take such an approach. Under the tax court's interpretation, however, all these appeals arise under Articles 2 and 4 and are covered under A.R.S. § 42–16002(B).

¶ 20 We also cannot agree that the tax court's interpretation makes the references in § 42–16002(B) to Articles 3 and 4 superfluous. As we have explained, both Article 2 and Article 4 apply to this case. In Arizona counties with a county tax board, Article 3 could also come into play. *See* A.R.S. § 42–16111 (1999) (providing for appeal from county board of equalization decisions). Thus, the tax court's construction does not violate the canon of construction requiring us to give effect to all statutory provisions. *See Tanque Verde Unified Sch. Dist. v. Bernini*, 206 Ariz. 200, 210, ¶ 32, 76 P.3d 874, 884 (App. 2003). Accepting the County and Assessor's interpretation, however, would require us to ignore A.R.S. § 42–16002(B)'s reference to Article 4 and incorporation of A.R.S. § 42–16168(A) and related provisions.

## II. The 2006 Amendment is Consistent with the 2004 Version of A.R.S. § 42–16002(B).

¶ 21 The Assessor and County further contend that the amendment in 2006, which added "judicial appeals," marked a change in the law. As a result, they contend that the version of A.R.S. § 42–16002(B) applicable here must not have covered judicial appeals. In contrast, Taxpayer maintains that the 2006 amendment to A.R.S. § 42–16002(B) was a clarification.

¶ 22 Our initial presumption is that an alteration in statutory language changes the existing law. *State v. Bridgeforth*, 156 Ariz. 60, 63, 750 P.2d 3, 6 (1988). When the legislature clarifies a statute, however, we presume that it intended the previous version to be interpreted in accordance with the clar-

---

1. Although Article 5 contains more statutes pertaining to an appeal from the Board to the court, including A.R.S. §§ 42–16203, 42–16206, 42–16207, and 42–16208, it is undisputed that the right to that appeal is codified in A.R.S. § 42–16168(A).

ification. *See State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985)("an amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act")(quotation omitted).

¶ 23 The clarification rule applies only when the original statute is ambiguous. *See State v. Fell,* 210 Ariz. 554, 560–61, ¶¶ 24–25, 115 P.3d 594, 600–01 (2005). We do not find A.R.S. § 42–16002(B) (2004) ambiguous. However, assuming *arguendo* that ambiguity exists, we still find that the legislative materials reflect a consistent intent to grant roll-over effect for values determined on appeal to the tax court.

¶ 24 Taxpayer points to the legislative history for S.B. 1502 stating that the 2006 amendment "[r]equires the county assessor to use the valuation or change in classification of a property for the next year's valuation if, upon judicial appeal, the property valuation is reduced. The assessor is already required by statute to use the reduced valuation or change in classification upon administrative appeal." Ariz. S. Bill 1502, House Report, Comm. on Counties, Municipalities and Military Affairs, 47th Leg., 2d Reg. Sess. (March 10, 2006), *available at* http://www. azleg.gov/FormatDocument.asp?inDoc=/ legtext/47leg/2r/ summary/h.sb1502_03–10– 06_cmma.doc.htm. Relying on the last sentence, the County and Assessor interpret this provision to mean that the amendment introduced a judicial appeal component to the statute, rather than clarified that the statute already contained such a component.

¶ 25 The legislative history of the 2004 amendment, however, does not bolster the interpretation advanced by the Assessor and the County. The initial bill summary by the Arizona House of Representatives provides:

*Changes to appealed value:* In 2002, the legislature passed changes to address concerns regarding appealed values and how they are handled in subsequent years. If a person successfully appeals their value, the law states that the appealed value is the starting point for the following year and limits any changes the assessor can make to the value. However, if a person is unsuccessful and the value remains un-

changed, they still receive the benefit of "freezing" the property value. If someone appeals this value every year, it could result in an indefinite "freezing" of the property value. This bill *clarifies* that only reductions in value reflect the starting point for the subsequent year.

Ariz. H. Bill 2258, House Bill Summary, Comm. on Ways and Means, 46th Leg., 2d Reg. Sess. (Jan. 22, 2004), *available at* http:// www.azleg.gov/FormatDocument.asp?in Doc=/legtext/46leg/2r/ summary/ h.hb2258_01–22–04_wm.doc.htm (emphasis added). This language reflects no intent to address the level at which a valuation is resolved; rather, it clarifies that only a reduction in value freezes for one subsequent year. To the extent that it explains the bill, the summary expressly reflects that the 2004 version is a clarification, not a change, to the pre–2004 version.

¶ 26 Similarly, the final amended Arizona Fact Sheet states that the 2004 provision

[r]equires, in cases where a review or administrative appeal results in a valuation reduction or change in property classification, the classification or property valuation to remain the same for the subsequent year unless there is new construction, structural changes or change of use on a property or the property has a statutorily prescribed annual valuation formula. This change is retroactive to tax year 2004.

Ariz. S. Fact Sheet, H. Bill 2258, 46th Leg., 2d Reg. Sess. (June 9, 2004), *available at* h ttp://www.azleg.gov/FormatDocument.asp?in Doc=/legtext/46leg/2r/ summary/s.2258fin_as enacted.doc.htm. This language reflects no intent to limit roll-over effect based upon the level at which a case is resolved. Further, rather than distinguishing between administrative appeals and judicial appeals, this authority applies equally to review and to administrative appeals. *See id.*

¶ 27 We consider the contemporaneous 2004 legislative history more authoritative on the meaning of the 2004 amendment. Neither A.R.S. § 42–16002(B) itself nor the legislative history of the 2004 amendment suggest any intent to change the roll-over effect of valuations through administrative appeal

or review. The purpose of the 2004 amendment was to prevent the freezing of valuations or classification for the following year absent new construction, structural change, or change in use.

¶ 28 Moreover, a legislature is presumed to be aware of existing statutes and case law when it passes a statute. *Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). Therefore, we assume that the Arizona Legislature was aware of the *Chatwin* holding, that the superior court or tax court was the last step in the administrative appeal process, when it enacted A.R.S. § 42–16002(B) and amended it in 2004. Nothing in that legislation is inconsistent with *Chatwin.*

## CONCLUSION

¶ 29 We affirm the tax court's judgment in all respects. In addition, we award Taxpayer its costs and reasonable attorney's fees on appeal pursuant to A.R.S. § 12–348(B)(1) (2003), upon timely compliance with Arizona Rule of Civil Appellate Procedure 21(c).

CONCURRING: JON W. THOMPSON, Presiding Judge and MARGARET H. DOWNIE, Judge.