296 P.3d 1003

**ARIZONA STATE HOSPITAL/ARIZONA COMMUNITY PROTECTION AND TREATMENT CENTER, Petitioner,**

v.

**The Honorable Andrew G. KLEIN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Charles P., Real Party in Interest.**

**No. 1 CA–SA 12–0244.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 5, 2013.

Thomas C. Home, Arizona Attorney General By Greg D. Honig, Assistant Attorney General, Aubrey Joy Corcoran, Assistant Attorney General, Phoenix, Attorneys for Petitioner.

Maricopa County Office of the Legal Advocate By Mary Beth Mitchell, And Daniel R. Raynak, Phoenix, Attorneys for Real Party in Interest.

## OPINION

JOHNSEN, Judge.

¶ 1 In this special action we hold that Arizona Rule of Evidence 702 applies to testimony by a mental-health expert at a trial on a petition for discharge filed by a person committed under the Arizona Sexually Violent Persons Act ("SVPA"), Arizona Revised Statutes ("A.R.S.") sections 36–3701 to –3717 (West 2013).[1] Petitioner is the Arizona Community Protection and Treatment Center ("Center"), in which real-party-in-interest Charles P. is detained for treatment pursuant to the SVPA. The Center challenges the superior court's order setting a pretrial hearing pursuant to Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), to determine whether the Center's mental-health expert may testify at the trial on Charles's petition for discharge.

¶ 2 We accept jurisdiction of the Center's petition for special action but deny relief. We agree with the superior court that Rule 702 applies to expert testimony offered at a discharge proceeding conducted pursuant to A.R.S. § 36–3714. We also hold that whether to set a pretrial hearing to consider the admissibility of the expert testimony is a matter within the discretion of the superior court.

## FACTS AND PROCEDURAL BACKGROUND

¶ 3 In 2000, after Charles P. served a 10–year prison sentence for attempted molestation of a child, the superior court found he was a sexually violent person under the SVPA and committed him to the Center for treatment. Thereafter, pursuant to A.R.S. § 36–3708(A), Center psychologists performed annual reviews of his treatment progress. In a report dated June 2, 2011, Ryan Goldenstein, Psy. D., and June M. Stapleton, Ph.D., observed that Charles had "made only minimal progress" since his most recent annual evaluation and concluded that if he were transferred to "a less restrictive environment, community safety would be at risk."

¶ 4 Charles subsequently petitioned the court for an absolute discharge pursuant to A.R.S. § 36–3714. Charles's petition disagreed with Goldenstein's and Stapleton's report and argued he no longer "fit the criteria for designation" as a sexually violent person. The superior court set an evidentiary hearing on his discharge petition pursuant to A.R.S. § 36–3714(C).

¶ 5 The Center designated Goldenstein as its mental-health expert witness for the discharge hearing. Goldenstein's vitae shows he received master's and doctorate degrees in clinical psychology from the American School of Professional Psychology at Argosy University in Phoenix in 2008 and 2010, respectively. He received a bachelor's degree in psychology in 2005 from Minnesota State University, Moorhead, and has been employed by the Center since 2010. In an affidavit, Goldenstein stated his "primary responsibility" with the Center "is to conduct the annual examination" of sexually violent persons, prepare reports based on those evaluations and testify about his conclusions.

---

**1.** Absent material revisions after the relevant date, we cite a statute's current version.

¶ 6 Prior to the discharge hearing, Charles filed a motion asking the court to set a hearing to evaluate Goldenstein's competence and the methodology he used in concluding Charles should not be discharged. Charles argued Goldenstein had not "utilize[ed] generally accepted scientific methods" in evaluating him and lacked "the clinical experience necessary to make an evaluation without utilizing proper scientific methods." He argued Goldenstein should be precluded from testifying because he "does not use any actuarials" in performing his annual evaluations of persons committed under the SVPA, and instead uses "unguided clinical judgment, which has been universally rejected in the scientific community as being unreliable." Charles further told the court that he would offer evidence that peer-reviewed studies have determined the methodology Goldenstein uses is "severely flawed."

¶ 7 In opposing Charles's request, the Center argued that under the SVPA, a witness need only qualify as a "competent professional" pursuant to A.R.S. § 36–3701(2) to testify at a discharge hearing. It also argued that contrary to Charles's assertion, Goldenstein does not employ unguided clinical judgment, but instead uses "research guided clinical judgment." The Center added that Charles's challenges to Goldenstein's education, experience and competency properly went to the weight to be accorded his testimony, not to its admissibility under Rule 702.

¶ 8 The superior court ordered a hearing pursuant to Rule 702 and *Daubert* to determine whether to admit Goldenstein's testimony, then granted a stay to allow the Center to petition for special action relief.

## DISCUSSION

### A. Jurisdiction.

¶ 9 The Center's petition for special action argues the superior court erred by ordering a pretrial hearing to determine the admissibility of Goldenstein's testimony. Exercise of special action jurisdiction is discretionary but proper when the petitioner has

no plain, adequate or speedy remedy by appeal. *State ex rel. Romley v. Martin,* 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App. 2002). Exercise of jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again. *Id.*

¶ 10 Whether Rule 702 and *Daubert* apply to mental-health testimony offered in a hearing on a petition to discharge a committed person is a matter of statutory construction and therefore is purely a legal question. Further, according to the Center, Goldenstein is the primary evaluator for 77 other committed persons, five of whom have moved for *Daubert* hearings. Thus, the issue likely will arise again. For all of these reasons, we accept jurisdiction of the Center's petition for special action.

### B. Admissibility of Expert Testimony Under the SVPA.

#### 1. General principles.

¶ 11 By statute, at a hearing to consider a committed person's petition for discharge, the State "has the burden of proving beyond a reasonable doubt that the person's mental disorder has not changed and that the person remains a danger to others and is likely to engage in acts of sexual violence if discharged." A.R.S. § 36–3714(C).[2] The same statute anticipates that testimony by "competent professional[s]" will be offered at such a hearing. *Id.* (committed person seeking discharge may retain or seek appointment of "a competent professional" to perform an evaluation; after committed person requests discharge hearing, he or she may "be examined by a competent professional" chosen by State).

¶ 12 The Center's petition for special action asks us to consider the power of the superior court to determine who may provide mental-health testimony at a discharge hearing and the discretion of the court to determine the nature of the proceeding by which it will exercise that power. When construing

2. We understand from the record in this case that the Center has accepted the State's burden

of proving that Charles should not be discharged.

a statute, we first look to its plain language. *In re Maricopa County Superior Court No. MH 2002–000767*, 205 Ariz. 296, 298, ¶ 9, 69 P.3d 1017, 1019 (App.2003). Clear and unequivocal statutory language determines the statute's meaning. *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Each word, phrase, clause and sentence must be given meaning so that no part of the statute will be void or trivial and the meaning determined must avoid absurd results. *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 204, ¶ 17, 150 P.3d 773, 777 (App. 2007) (citation omitted). Related statutes must be construed together. *Staples v. Concord Equities, L.L.C.*, 221 Ariz. 27, 29, ¶ 9, 209 P.3d 163, 165 (App.2009). And we apply principles of statutory construction when we construe court rules. *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (1996).

## 2. Rule 702 applies in a discharge hearing.

¶ 13 With certain exceptions not relevant here, the Arizona Rules of Evidence "apply to proceedings in courts in the State of Arizona." Ariz. R. Evid. 101(a). Consistent with that mandate, the SVPA expressly provides that the Arizona Rules of Evidence apply to discharge hearings conducted by the superior court. A.R.S. § 36–3704(B) ("The Arizona rules of evidence and the Arizona rules of civil procedure apply to proceedings under this article.").

¶ 14 Among the Arizona Rules of Evidence is Rule 702, which governs the admissibility of testimony by an expert witness. As amended in 2012, and as applicable here, Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

¶ 15 Without acknowledging Rule 101(a) or § 36–3704(B), the Center argues Rule 702 does not apply to mental-health testimony offered at a hearing on a committed person's petition for discharge. Instead, it argues that under the SVPA, the court must allow the testimony of any witness who qualifies as a "competent professional" pursuant to A.R.S. § 36–3701(2). That statute defines "competent professional" as

[A] person who is:

(a) Familiar with the state's sexually violent persons statutes and sexual offender treatment programs available in this state.

(b) Approved by the superior court as meeting court approved guidelines.

The Center further argues that any psychologist or psychiatrist on its staff is a "competent professional" within the meaning of the statute who must be permitted to testify.

¶ 16 In support of its argument, the Center points to A.R.S. § 36–3708(A), which requires the Center to "annually examine" the proper placement of each committed person. The same statute further states that the annual examination shall be conducted by "[t]he psychiatrist, psychologist or other competent professional" of the Center; it also provides that "[t]he person who conducts the annual examination shall submit the examination report to the court." The Center argues the reference in § 36–3708(A) to "or other competent professional" mandates that, as a matter of law, any psychiatrist or psychologist employed by the Center is a "competent professional" who must be allowed to testify at a discharge hearing.

¶ 17 We need not decide whether, as the Center argues, any psychiatrist or psychologist employed by the Center is a "competent professional" within the meaning of A.R.S. § 36–3701(2). The question is whether Rule 702 applies to the testimony of any expert witness offered at a discharge hearing, and we conclude it does.

¶ 18 We must construe the SVPA's references to "competent professional," together with the mandate in § 36–3704(B)

applying the Arizona Rules of Evidence to discharge hearings, in a manner that gives effect to each provision. *See Stein*, 214 Ariz. at 204, ¶ 17, 150 P.3d at 777; *Staples*, 221 Ariz. at 29, ¶ 9, 209 P.3d at 165. Following that principle, the SVPA establishes as a threshold requirement that one must be a "competent professional," within the meaning of § 36–3701(2), to offer expert testimony at a discharge hearing. But the same principle does not compel the conclusion that the superior court is required to allow the testimony of any person who falls within the statutory definition of "competent professional."

¶ 19 Under A.R.S. § 36–3701(2), a "competent professional" is anyone familiar with the SVPA and available treatment programs. In § 36–3708, the legislature has allowed the Center to have any "competent professional" perform the annual evaluations that the law requires for each committed person. We cannot agree with the Center, however, that the same minimum qualifications are all that may be imposed on a witness at a discharge hearing convened pursuant to § 36–3714.

¶ 20 The Center contrasts the latter statute with other provisions involving mental health proceedings, *e.g.*, A.R.S. §§ 8–291.07 (juvenile mental health proceeding), 12–2604 (witnesses qualified to testify in malpractice proceeding), 13–753 (mental evaluation of capital defendants), and 13–4506 (examination of defendant claiming insanity), each of which expressly refers to testimony by an "expert." The Center argues that the absence of a reference to "expert" in § 36–3714 must mean the legislature intended that to testify at a discharge hearing, one need only be a "competent professional," pursuant to § 36–3701(2), and need not be "qualified as an expert by knowledge, skill, experience, training, or education," pursuant to Rule 702.

¶ 21 But we cannot disregard the legislature's express and broad mandate that the Arizona Rules of Evidence apply to discharge proceedings. A.R.S. § 36–3704(B). And the nature of the mental-health testimony offered at a discharge hearing is classically "expert" in that it is based on the witness's "scientific, technical, or other specialized knowledge" and is offered to "help the trier of fact to understand the evidence or to determine a fact in issue." Ariz. R. Evid. P. 702(a). If, as the Center argues, the legislature intended to preclude the superior court from applying Rule 702 to mental-health testimony offered at a discharge hearing, it would have expressly carved out such an exception to the statutory application of the Arizona Rules of Evidence, but it did not.

¶ 22 The Center argues that § 36–3708(A), which mandates that the annual evaluation by a "competent professional" be submitted to the court, means that the report is admissible in a discharge hearing as a matter of law and that the professional who prepared the report must be allowed to testify.

¶ 23 In support, the Center cites *Commonwealth v. Bradway*, 62 Mass.App.Ct. 280, 816 N.E.2d 152 (2004). The statute at issue in *Bradway*, Massachusetts General Laws, Chapter 123A, § 1, 14(c) (West 2013), expressly makes the written report admissible if it is prepared by an examiner who meets qualifications defined in the statute. 816 N.E.2d at 155. There is no such mandate in the Arizona statutes; indeed, the Center directs us to no provision that requires the court to rule based on any of the annual evaluation reports regularly submitted for the persons committed under the SVPA.[3] Particularly in view of the legislature's directive in § 36–3704(B) that the Arizona Rules of Evidence apply in discharge hearings, we cannot accept the Center's contention that, as a matter of law, an annual evaluation report prepared by anyone qualifying as a "competent professional" under § 36–3701(2) must be admitted at a discharge hearing.

¶ 24 For these reasons, and pursuant to § 36–3704(B) and Rule 101(a), we hold that when the superior court considers a petition to discharge a committed person under the SVPA, it has the power to preclude the testimony of any mental-health witness, even one falling within the definition of "com-

---

**3.** Pursuant to A.R.S. § 36–3708(C), if an annual evaluation report recommends "any change of release conditions" for a committed person, the court shall set a hearing to consider the recommendation.

petent professional," if the court concludes in the exercise of its discretion that the testimony does not satisfy Rule 702.

## C. Admissibility of Goldenstein's Testimony Under Rule 702.

¶ 25 The Center next argues that even if Rule 702 applies to expert testimony offered at a discharge hearing, the superior court abused its discretion by setting a pretrial *Daubert* hearing to evaluate Goldenstein's testimony.

¶ 26 The Arizona Supreme Court amended Arizona Rule of Evidence 702, effective January 1, 2012, to adopt Federal Rule of Evidence 702, "as restyled." Ariz. R. Evid. 702, Comment to 2012 Amendment. Under Rule 702, the superior court may allow expert testimony that may "help the trier of fact to understand the evidence or to determine a fact in issue" if the proffered testimony is "based on sufficient facts or data" and "is the product of reliable principles and methods" and if "the expert has reliably applied the principles and methods to the facts of the case." Ariz. R. Evid. 702(a)-(d). We construe the new Arizona rule in accordance with its federal counterpart. *See* Ariz. R. Evid. Prefatory Comment to 2012 Amendments ("Where the language of an Arizona rule parallels that of a federal rule, federal court decisions interpreting the federal rule are persuasive but not binding with respect to interpreting the Arizona rule.").

¶ 27 The *Daubert* Court examined the trial judge's evidentiary gatekeeping function in a case involving expert testimony offered to prove that a drug given to a pregnant woman caused a birth defect in her child. The Court concluded that the trial judge should preliminarily assess proffered expert scientific testimony to determine "whether the reasoning or methodology underlying the testimony is scientifically valid and ... whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. at 592–93, 113 S.Ct. 2786. The Court set out a number of non-exclusive factors for determining whether scientific evidence is admissible, including whether the scientific methodology has been tested and subjected to peer review, the "known or potential rate of er-

ror," and whether the methodology has "general acceptance." *Id.* at 593–94, 113 S.Ct. 2786.

■ ¶ 28 Citing dicta in *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1298 (8th Cir. 1997), the Center argues that the *Daubert* factors do not apply to expert testimony such as that proffered by Goldenstein because psychology is a "soft" science without "the exactness of hard science methodologies." We agree that "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (quotation omitted). The nature of the inquiry under Rule 702 "must be tied to the facts of a particular case." *Id.* (quotation omitted).

■ ¶ 29 The Arizona Supreme Court has made clear that "trial courts should serve as gatekeepers in assuring that proposed expert testimony is reliable and thus helpful to the jury's determination of facts at issue." Ariz. R. Evid. 702, Comment to 2012 Amendment. Rule 702 requires that when, as here, an expert proposes to offer an opinion based on scientific knowledge, training and literature, the trial judge must ensure that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152, 119 S.Ct. 1167; *see also Foreman v. Am. Road Lines, Inc.*, 623 F.Supp.2d 1327, 1333 n. 5 (S.D.Ala.2008) (gatekeeping function applies to expert testimony offered by psychologists). Toward that end, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Kumho Tire*, 526 U.S. at 149, 119 S.Ct. 1167 (quoting *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786).

¶ 30 As the Center argues, the specific factors set out in *Daubert* do not readily fit the evaluation of the reliability of expert psychological testimony. *See, e.g., Blanchard v. Eli Lilly & Co.*, 207 F.Supp.2d 308, 317 (D.Vt.2002) (trial judge's "task ... is not to apply a rigid checklist to proposed opinion

testimony, but to determine if it is based upon sufficient facts or data and is the product of reliable principles and methods, and if the principles and methods have been applied reliably to the facts of the case"). Nevertheless, other courts have applied the principles underlying *Daubert* in ascertaining the reliability of expert psychological testimony. *See, e.g., Med. Assurance Co., Inc. v. Miller,* 779 F.Supp.2d 902, 913–14 (N.D.Ind.2011) (psychologist's testimony inadmissible because it was not supported by facts and was product of unreliable application of generally accepted methodology); *North v. Ford Motor Co.,* 505 F.Supp.2d 1113, 1119 (D.Utah 2007) (rejecting testimony of psychologist who relied on incomplete information); *Algarin v. New York City Dep't of Corr.,* 460 F.Supp.2d 469, 477–78 (S.D.N.Y.2006) (precluding expert testimony that failed to cite generally accepted methodology); *Coble v. State,* 330 S.W.3d 253, 277–80 (Tex.Crim.App.2010) (predictive expert testimony inadmissible when psychiatrist did not cite authorities supporting his methodology; "Soft science does not mean soft standards."); *cf. Samaniego v. City of Kodiak,* 80 P.3d 216, 219 & n. 8–9 (Alaska 2003) (affirming trial judge's decision to admit psychiatric testimony, noting that "[a] bare claim that psychiatric evidence is unreliable does not subject forensic psychiatry to a mini-trial in every case").

¶ 31 Applying these principles, the superior court must exercise its discretion to determine the reliability and relevance of expert mental-health testimony offered in a discharge hearing under the SVPA by considering, *inter alia,* the facts, data, theories and methods underlying the expert's opinion. In determining the reliability and relevance of such testimony, the court has great discretion to decide whether to set a pretrial hearing to evaluate the proposed testimony. *See Kumho Tire,* 526 U.S. at 152, 119 S.Ct. 1167. That is, although Rule 702 requires the court to consider the reliability and relevance of psychological testimony offered in a discharge hearing, the rule does not require the court to set a pretrial hearing to make that evaluation. Particularly in a bench trial such as a discharge proceeding, the court may decide to hear the evidence and objections to it and rule on its admissibility without con-

ducting a separate hearing. *See In re Salem,* 465 F.3d 767, 777 (7th Cir.2006).

¶ 32 The Center argues no pretrial hearing was required in this case because, contrary to Charles's contention, Goldenstein did not use "unguided clinical judgment" in evaluating Charles, but instead applied "research-guided clinical judgment" in that evaluation. Whether to set a pretrial hearing to resolve such a dispute is peculiarly within the discretion of the superior court, and we have no reason to conclude the court in this case abused its discretion in doing so.

## CONCLUSION

¶ 33 For the foregoing reasons, we accept jurisdiction but deny relief. We affirm the superior court's conclusion that Arizona Rule of Evidence 702 applies to expert testimony offered in a discharge hearing pursuant to A.R.S. § 36–3714. Moreover, the superior court did not abuse its discretion in ordering a pretrial hearing for the purpose of taking evidence bearing on the admissibility of Goldenstein's testimony pursuant to Rule 702.

CONCURRING: JON W. THOMPSON, Judge, and LAWRENCE F. WINTHROP, Chief Judge.