NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

DEBRA R. SHANO, *Petitioner/Appellant*,

*v.*

DAVID L. SHANO, *Respondent/Appellee*.

No. 1 CA-CV 14-0055

FILED 11-13-2014

Appeal from the Superior Court in Maricopa County
No. DR 1998-091849
The Honorable Bethany G. Hicks, Judge

**AFFIRMED**

COUNSEL

The Murray Law Offices, P.C., Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellant*

S. Alan Cook, P.C., Phoenix
By S. Alan Cook
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

¶1　　　　Debra Shano ("Mother") appeals from orders of the superior court modifying the child support obligation of David Shano ("Father") and requiring her to pay a portion of Father's attorneys' fees.　For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　The parties divorced in 2000.　At the time, they had three minor children, and Father was ordered to pay child support of $1529 per month.　In May 2012, Father filed a petition to modify child support because one of the children had turned eighteen and graduated from high school. Mother asked the court to appoint a federally authorized tax practitioner to determine Father's income.　Father responded that the court should appoint a tax practitioner to assist in determining *both* parties' incomes.

¶3　　　　The court appointed certified public accountant Steve Adelson to evaluate the parties' income and business profits, as well as "Mother's interest in any sole proprietorship or corporation."　On July 29, 2013, Adelson provided his report.　On the morning of the August 2, 2013 modification hearing, Mother filed a motion in limine, seeking to preclude Adelson's report and testimony. The parties argued the motion, and the court denied it.

¶4　　　　Father, Mother, and Adelman testified about the parties' incomes.　Father testified he has an ownership interest in several businesses, though most do not generate income for him.　Mother testified she established and worked at the business known as "First Kiss," but stated her current husband "took it over," and the business has not generated a profit.

¶5　　　　Adelson attributed $11,667 in monthly income to Father and $5500 to Mother.　The superior court adopted Adelson's income figures and modified Father's child support obligation to $245.33 per month,

2

retroactive to July 1, 2012. The court also awarded Father $23,000 in attorneys' fees and denied Mother's post-hearing motions. Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21, -2101(A)(1) and (5)(a).

## DISCUSSION

¶6        Mother contends the superior court erred by admitting Adelson's testimony and report and by relying on his opinions in determining the parties' incomes. She also challenges the award of attorneys' fees to Father and the denial of her post-hearing motions.

## I.        Income Calculations

¶7        We generally review the admission of expert testimony for an abuse of discretion; however, to the extent admissibility is a question of law, we review it *de novo*. *State v. Wright*, 214 Ariz. 540, 542, ¶ 5, 155 P.3d 1064, 1066 (App. 2007). The superior court has "broad discretion in determining whether to admit expert testimony." *Escamilla v. Cuello*, 230 Ariz. 202, 206, ¶ 20, 282 P.3d 403, 407 (2012).

¶8        Mother argues Adelson did not meet statutory requirements for a "federally authorized tax practitioner" within the meaning of A.R.S. §§ 25-320.02(D) and 42-2069(D). She did not, however, raise this argument in a timely fashion in the superior court and has thus waived it for purposes of appeal.[1] *See Cullum v. Cullum,* 215 Ariz. 352, 355, ¶ 14 n.5, 160 P.3d 231, 234 n.5 (App. 2007) (party cannot argue on appeal legal issues not raised in trial court).

¶9        Mother next contends the court erroneously permitted Adelson to testify as an expert under Arizona Rule of Evidence 702. Notwithstanding Father's contrary argument, we assume for purposes of

---

[1]        In her motion in limine and at the evidentiary hearing, Mother argued Adelson's testimony and report were inadmissible under Arizona Rule of Evidence 702. She did not challenge Adelson's statutory qualifications. To the extent Mother's motion for new trial may be read as raising such a challenge, that filing does not preserve the issue for appellate review. *See Deer Valley Indus. Park Dev. & Lease Co. v. State ex rel. Herman*, 5 Ariz. App. 150, 153, 424 P.2d 192, 195 (1967) (objection may not be raised for first time in motion for new trial). Adelson's credentials were ascertainable well before the motion for new trial was filed.

our analysis that Rule 702 applies to tax practitioners appointed by the superior court. Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

¶10 The superior court's "gatekeeper" function under Rule 702 is intended to ensure "that proposed expert testimony is reliable and thus helpful to the jury's determination of facts at issue." *Ariz. State Hosp. v. Klein*, 231 Ariz. 467, 473, ¶ 29, 296 P.3d 1003, 1009 (2013). Even in the context of a jury trial, the trial court has "broad discretion to determine the reliability of evidence," and a *Daubert* hearing is not always required. *State v. Favela*, 234 Ariz. 433, 436, ¶ 11, 323 P.3d 716, 719 (App. 2014). Moreover, in a bench trial, we presume that trial judges disregard improper evidence. *See In re Estate of Newman*, 219 Ariz. 260, 275-76, ¶ 66, 196 P.3d 863, 878-79 (App. 2008). "In civil cases, it is the rule in Arizona that improper admissions into evidence will not be considered as error on appeal, where a case is tried to the judge without a jury, because of the presumption that the trial judge disregarded all inadmissible evidence in reaching his decision." *State v. Garcia*, 97 Ariz. 102, 104, 397 P.2d 214, 216 (1964).

¶11 We find no error in admitting Adelson's testimony and report. Adelson qualified as an expert by "knowledge, skill, experience, training, or education," and the court apparently and reasonably concluded his "specialized knowledge" would assist it in determining contested facts. *See* Ariz. R. Evid. 702. "Whether a witness is qualified as an expert is to be construed liberally." *Glazer v. State*, 234 Ariz. 305, 316, ¶ 31, 321 P.3d 470, 481 (2014). "If an expert meets the liberal minimum qualifications, her level of expertise goes to credibility and weight, not admissibility." *Id.*

¶12 Adelson has been a CPA for approximately 30 years. *See McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 250–52, ¶¶ 15–18, 293 P.3d 520, 526–28 (App. 2013) (expert may be qualified based on experience). His testimony assisted the court in assessing his qualifications and experience and disclosed his familiarity with IRS policies for income attribution and accounting principles for sub-S corporations such as Father's. The superior court had the opportunity to observe Adelson during his testimony and to evaluate the bases for his opinions. It obviously found him competent and reliable.

¶13 The record supports the court's reliance on Adelson. Adelson reviewed financial documentation and tax returns for all of Father's businesses. He also attended depositions of the parties and Mother's current husband, visited Father's business twice, interviewed individuals at that business, and reviewed financial records on the premises. Adelson spoke on several occasions with the individual who prepares Father's business tax returns. In terms of methodology, Adelson testified he "followed the accounting principles, and the IRS audit procedures, which are pretty standard in my industry."

¶14 In determining Father's income, Adelson took W-2 income, divided it by twelve, then added $2500 per month for Father's personal expenses that the business pays. As for Mother, Adelson testified "there was very, very little substantiation" and no "source documents." Adelson utilized First Kiss' gross annual business income, attributed 20% of that amount to Mother as personal income, and added $500 per month for rental income Mother receives.[2] Adelson testified attributing 20% of the business profits to Mother is consistent with IRS guidelines.[3] In discussing Mother's finances, Adelson stated:

> Each year of [Mother's] tax returns reviewed showed material omissions & improper entries. The income is impossible to calculate because most of the source

---

[2] Although Mother initially claimed zero income, she later agreed $469.50 in monthly rental income should be attributed to her. Adelson testified the actual rent amount is $2000 and stated Mother offered no substantiation for a net receipt of only $500 per month, though he nevertheless used the lower $500 amount.

[3] Because Mother did not timely assert in the superior court that Adelson made mathematical errors in calculating her income, we do not address that argument on appeal.

documents either were never created or purposely shredded. Personal & Business expenses were paid from both business & personal accounts with the detail purposely shredded. Income from outside activities, Schedule K-1, were not reported accurately, & in some years, not reported at all. Some of the most accounting records needed [sic] in the preparation of a tax return were never created. Some of the accounting records that were created were purposely shredded.

Adelson also opined that Mother's use of cash from the business was not properly recorded and that income from financial records was understated.

**¶15** Father testified his business has decreased in recent years and that some of his companies are financially stressed or not yet profitable. Based on the evidence presented, the superior court could have reasonably concluded that Father's income from past years, which Mother heavily relied on, was not representative of his current income.

**¶16** Mother's 2012 tax return states she is a 50% shareholder of First Kiss. Mother and her husband do not save sales records for First Kiss. The business' 2012 tax return lists gross sales of $280,049 and ordinary business income of $12,365. Mother provided some business bank records, but others were missing. The superior court found that "Mother is an owner of First Kiss . . . (although she may have transferred a 50 percent interest to her current husband)" and that she "made it extremely difficult to determine her business income and apparently intentionally destroyed (or if not, withheld) records which would customarily be prepared and maintained for tax purposes."

**¶17** The superior court obviously disbelieved Mother's financial claims. Credibility is a matter for the trier of fact, not the appellate court. *See State v. Gallagher,* 169 Ariz. 202, 203, 818 P.2d 187, 188 (App. 1991). We do not reweigh the evidence on appeal. *See O'Hair v. O'Hair,* 109 Ariz. 236, 240, 508 P.2d 66, 70 (1973).

**¶18** Because Mother's challenge to the child support modification order is based on her claim that the court used incorrect income figures — a contention we have now rejected — we need not address this issue further. The record does not support Mother's speculative assertion that the court "may have improperly delegated its authority to the expert witness instead of independently weighing the

evidence to determine the parties' incomes." The record instead demonstrates that the court weighed the evidence, disbelieved Mother's financial claims, and found Adelson's calculations appropriate under the circumstances.

## II.    Attorneys' Fees Award

¶19    We review an award of attorneys' fees for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 32, 972 P.2d 676, 684 (App. 1998). We will find an abuse of discretion only if the record fails to provide substantial evidence to support the superior court's ruling. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶¶ 36-38, 250 P.3d 1213, 1221 (App. 2011). A.R.S. § 25-324 states:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter . . . .

¶20    In awarding Father fees, the superior court found that Mother "consistently refused to cooperate" or took steps "to delay or prevent an analysis of her various sources of income." The court further concluded the child support issue could and should have been settled. The record supports these findings.

¶21    Mother offered contradictory information about her income and business interests. Father was required to file a motion to compel, which the court granted. Mother swore under penalty of perjury that she had no income whatsoever, including rental income, though she later admitted receiving rental income since 2009. Additionally, documentary evidence cast doubt on Mother's assertion she has no ownership interest in First Kiss. Mother's destruction of business records, even after commencement of the child support modification proceedings, expanded the scope of discovery and created a need for expert reconstruction of her income and business interests. In sum, the record supports the finding that Mother took unreasonable positions and delayed the proceedings.

¶22    Courts may also consider settlement efforts when evaluating a fee request. *See Gutierrez*, 193 Ariz. at 351, ¶ 34, 972 P.2d at 684. None of Mother's settlement offers proposed less than $1000 per month in child support, and Mother refused to accept retroactive modification, notwithstanding A.R.S. § 25-503(E) (child support modification orders

effective on first day of the month following notice of petition unless, for good cause shown, court orders different date).  Father made several settlement proposals, all of which exceeded the $245.33 amount awarded by the court.

**¶23**　　　　The superior court was well aware of the parties' financial circumstances based on the evidentiary hearing.  Although Father has superior financial resources, the court could nevertheless order Mother to contribute to his fees based on her conduct during the proceedings.  *See Mangan v. Mangan*, 227 Ariz. 346, 351-53, ¶¶ 25-28, 258 P.3d 164, 169-71 (App. 2011) (affirming award of fees to father, notwithstanding his superior financial circumstances, given mother's unreasonable positions).  In reviewing for an abuse of discretion, "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason.  We cannot substitute our discretion for that of the trial judge." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985).

## III.　　Post-Hearing Motions

**¶24**　　　　We need not separately address Mother's motion for new trial, which challenged the income figures used by the court.  In large part, the same is true of Mother's motion to alter or amend, which challenged the attorneys' fee award.  Those motions raised the same arguments we have now rejected.  Mother also argues the court abused its discretion by not reducing her monthly payment of attorneys' fees to Father from $1000 to $250.  However, she cites no authority for this contention.  Based on the income figures found by the superior court, we find no abuse of discretion.

## IV.    Attorneys' Fees on Appeal

¶25    Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324.  In the exercise of our discretion, we deny both requests.  Father, however, is the prevailing party and is entitled to recover his taxable costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶26    For the reasons stated, we affirm the orders of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: gsh