NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA E.S.A. TAX UNIT, *Plaintiff/Appellee*,

*v.*

ON-AUK-MOR TRADE CENTER, LLC, *Defendant/Appellant*.

No. 1 CA-TX 21-0005
FILED 4-28-2022

Appeal from the Arizona Tax Court
No. TX2020-000781
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Plaintiff/Appellee*

Big Fire Law & Policy Group, Omaha, NE
By Michael J. Novotny
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

**S W A N N**, Judge:

¶1          On-Auk-Mor Trade Center, LLC ("OAM") appeals from the tax court's grant of summary judgment in favor of the Arizona Department of Economic Security's E.S.A. Tax Unit ("Department") finding that OAM is subject to Arizona's unemployment insurance tax. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          The material facts are not in dispute. OAM is a limited liability company ("LLC") organized under Arizona law. OAM's sole member is the Montiel Family Trust, and David Montiel is the sole trustee of the Trust and manager of OAM. Montiel is an enrolled member of the Salt River Pima-Maricopa Indian Community ("Community") and resides on the Community's reservation ("Reservation"). OAM is licensed by the Community to do business on the Reservation. It does business entirely on the Reservation, operating within Indian country as defined by 18 U.S.C. § 1151. The Community has no ownership interest in OAM.

¶3          In 2018, a former employee of OAM filed for unemployment benefits, but the Department was unable to find an employer who reported and paid unemployment insurance taxes on her wages. After an investigation, the Department determined that OAM was an employer under A.R.S. § 23-613 and was liable for unemployment insurance taxes. OAM appealed the Department's determination, arguing it was not subject to Arizona's unemployment insurance tax because OAM is located on the Reservation and owned by a member of the Community. The Department affirmed its decision.

¶4          OAM appealed the Department's reconsidered determination to the Appeals Board, which reversed the decision. The Appeals Board held that OAM was not subject to Arizona's unemployment insurance tax under *Oklahoma Tax Comm'n v. Chickasaw Nation*, 515 U.S. 450 (1995) because the legal incidence of the tax fell on a member of the Community.

¶5        The Department appealed the Appeals Board's decision to the tax court.  The parties filed cross-motions for summary judgment.  After oral argument, the tax court reversed the Appeals Board's decision, denied OAM's motion, and granted the Department's motion, finding that OAM was subject to Arizona's unemployment insurance tax.

¶6        OAM appeals.

## DISCUSSION

¶7        OAM argues that the court erred in denying its motion for summary judgment and granting the Department's motion because OAM is not subject to Arizona's unemployment insurance tax.  It contends that the unemployment insurance tax is categorically barred under *Chickasaw* because it imposes an excise tax on a member of the Community doing business entirely on the Reservation.  The Department argues that *Chickasaw* does not apply because OAM is not a member of the Community. We review the tax court's ruling on motions for summary judgment and issues of statutory interpretation de novo. *Staples v. Concord Equities, L.L.C.*, 221 Ariz. 27, 29, ¶ 8 (App. 2009).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

¶8        Frequently, as here, the dispositive question in Indian tax cases is who bears the legal incidence of a tax.  *See Chickasaw*, 515 U.S. at 458–59.  Under *Chickasaw*,

> If the legal incidence of an excise tax rests on a tribe or on tribal members for sales made inside Indian country, the tax cannot be enforced absent clear congressional authorization. But if the legal incidence of the tax rests on non-Indians, no categorical bar prevents enforcement of the tax; if the balance of federal, state, and tribal interests favors the State, and federal law is not to the contrary, the State may impose its levy
>
> . . . .

*Id.* at 459 (internal citations omitted).  In conducting this inquiry, the court does not look at the economic realities of who bears the tax burden.  *Id.* at 459–60.

**¶9** Arizona's unemployment insurance tax statute expressly states, and the parties agree, that the legal incidence of the tax falls on employers. A.R.S. §§ 23-612, -614(A), -726(A). Thus, the question before us is whether the legal incidence of the tax rests on OAM as an LLC or on Montiel as the sole manager of OAM.

**¶10** OAM argues that the legal incidence of the unemployment insurance tax falls on Montiel, a member of the Community, because income "passes through" OAM on to Montiel as the sole manager of an LLC. He contends that Congress has not expressly authorized the state to impose unemployment insurance taxes on businesses owned by tribal members operating entirely on the Reservation. Therefore, the state is categorically barred from imposing the unemployment insurance tax on OAM under *Chickasaw*.

**¶11** But LLCs exist by virtue of *state* law. *See* A.R.S. §§ 29-3101 to -4202.[1] Under Arizona law, an LLC is an entity distinct from its owners. A.R.S. § 29-3108(A). For unemployment insurance tax purposes, Arizona taxes LLCs in accordance with federal law. *See* A.R.S. §§ 29-3123; 43-105. Under federal law, a single manager LLC is generally classified as disregarded for tax purposes. *See* 26 C.F.R. § 301.7701-2(a). If an entity is disregarded, "its activities are treated in the same manner as a sole proprietorship." *Id.* A sole proprietorship "has no existence apart from the individual." *State v. Ivanhoe*, 165 Ariz. 272, 274 (App. 1990). A single manager LLC that is otherwise disregarded, however, is treated as a corporation for purposes of unemployment insurance taxes. *See* 26 C.F.R. § 301.7701-2(c)(2)(iv)(A)–(B); 26 U.S.C. §§ 3301–3311. And a corporation is a separate entity from its owners. *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155, 160 (App. 1994).

**¶12** Although Montiel is the sole manager of OAM, OAM is treated as a separate entity from Montiel for purposes of Arizona's unemployment insurance tax. Accordingly, the legal incidence of the tax falls on OAM as an Arizona LLC, not on Montiel as its sole manager.

**¶13** According to the Community's constitution, only natural persons are considered enrolled members of the Community. Salt River Pima-Maricopa Indian Cmty. Const. art. II, § 1. Thus, as an LLC, OAM cannot be an enrolled member of the Community. Because the tax

---

[1] We cite to the current version of applicable statutes absent any change material to this decision.

incidence falls on OAM as a non-member of the Community, *Chickasaw* does not categorically bar the state from enforcing the tax.

**¶14** OAM argues that we should disregard its LLC status for unemployment insurance tax purposes because justice requires piercing the corporate veil. "A corporate entity will be disregarded, and the corporate veil pierced, only if there is sufficient evidence that 1) the corporation is the 'alter ego or business conduit of a person,' and 2) disregarding the corporation's separate legal status is 'necessary to prevent injustice or fraud.'" *JTF Aviation Holdings Inc. v. CliftonLarsonAllen LLP*, 249 Ariz. 510, 514, ¶ 21 (2020) (citation omitted). We do not have any evidence that OAM has operated improperly to justify piercing the corporate veil.

**¶15** To support its argument that justice requires piercing the corporate veil here, OAM cites to the Appeals Board's decision that found piercing the corporate veil was particularly appropriate for LLCs because "LLCs allow income to 'pass through' to the owners, thereby demonstrating that at least for some purposes the LLC is not viewed as separate from the owner." But as discussed above, single manager LLCs are treated as corporations under both federal and Arizona law for purposes of unemployment insurance taxes, and OAM has cited no authority that justifies departing from the law.

**¶16** In the alternative, OAM argues that if we find *Chickasaw* does not categorically bar the state from enforcing the tax, we should remand the case to the tax court to balance the respective state, federal, and tribal interests under *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980), because it is a fact-intensive analysis that precludes summary judgment. In *Bracker*, the United States Supreme Court noted that a "particularized inquiry into the nature of the state, federal, and tribal interests at stake" may be required where a state asserts authority over non-Indians on the reservation. *Id.* at 145.

**¶17** On appeal, OAM asserts that the balance of interests does not support the tax because the Community has an interest in retaining tribal sovereignty, promoting self-sufficient economic development, and preventing the aggrandizement of state authority at the expense of the Community. OAM also argues that the state's interest in reducing unemployment and helping workers during periods of unemployment is not genuine.

**¶18** To the extent that *Bracker* applies here, OAM has waived any argument regarding it. We lack an evidentiary basis to remand on this issue

because OAM did not raise any arguments regarding the state, federal, or tribal interests in the tax court, despite the Department's motion practice on the issue, and did not discuss the balance of interests until its reply brief on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (holding the court cannot consider issues raised for the first time on appeal); *State v. Guytan*, 192 Ariz. 514, 520, ¶ 15 (App. 1998) (holding an issue raised for the first time in the reply brief is waived); *see also Rudinsky v. Harris*, 231 Ariz. 95, 99, ¶ 14 (App. 2012) ("A party who fails to respond to a motion for summary judgment . . . 'does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true.'" (citation omitted)).

¶19        Finally, OAM argues that it is not subject to Arizona's unemployment insurance tax because it does not meet the definition of "employing unit" under A.R.S. § 23-614(A). As relevant here, Arizona's unemployment insurance tax applies to any employing unit that has a gross payroll of at least $1,500 in a calendar quarter or employs one or more employees for at least 20 weeks in a calendar year. A.R.S. §§ 23-601, -612, -613(A)(2). An employing unit is an organization that has "one or more individuals performing services for it within this state." A.R.S. § 23-614(A).

¶20        OAM contends that it does not employ individuals who perform services *within* this state because OAM does business entirely on the Reservation. But the Arizona Supreme Court has held that "Indian reservations remain politically and governmentally part of the state, and state law applies on the reservations . . . so long as its application is consistent with the will of Congress." *United States v. Superior Court*, 144 Ariz. 265, 276 (1985); *see also State v. Zaman*, 194 Ariz. 442, 444, ¶ 12 (1999) ("[A]ll Indian reservations in Arizona are within the political and governmental, as well as geographical, boundaries of the state." (citation omitted)). Arizona's unemployment insurance tax is consistent with the will of Congress because Congress encouraged states to enact unemployment insurance tax schemes. 26 U.S.C. §§ 3304–05. Even tribes are subject to Arizona's unemployment insurance tax. *See* A.R.S. § 23-751.01(A)–(B). By forming an LLC under Arizona law, OAM elected to be bound by state law, and thus has availed itself of the benefits and burdens of doing so.

## CONCLUSION

¶21        Because OAM is an LLC organized under Arizona law, is taxed as a corporation for unemployment insurance tax purposes, and is

not an enrolled member of the Community, it is subject to Arizona's unemployment insurance tax. We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA