45 P.3d 685

Richard M. ROMLEY, Maricopa County Attorney, Petitioner,

v.

The Honorable Barry C. SCHNEIDER, Judge of the Superior Court Of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Jesus Bernardo Porras–Salazar, Real Party in Interest.

No. 1 CA–SA 01–0290.

Court of Appeals of Arizona, Division 1, Department E.

Feb. 7, 2002.

As Amended Feb. 12, 2002.

Richard M. Romley, Maricopa County Attorney, By Jeffery A. Zick, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James J. Haas, Maricopa County Public Defender, By Paul J. Prato, Deputy Public Defender, W. Jen Tom, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest.

BARKER, Judge.

¶ 1 The state seeks special action relief from the trial court's order that the victim in this criminal matter, Carlos M. ("victim"), be fingerprinted to assist in resolving defendant's motion to determine counsel. For the following reasons, we accept jurisdiction and grant relief.

### Factual and Procedural Background

¶ 2 The state alleges as follows: On July 10, 2001, Jesus Bernardo Porras–Salazar ("defendant") confronted victim at victim's wife's place of employment. Defendant hit victim in the face with a semi-automatic handgun, causing a cut above his eye. Defendant also recklessly waved the gun and pointed it at victim's daughter during the confrontation.

¶ 3 A grand jury indicted defendant on one count of aggravated assault and one count of disorderly conduct. In subsequent proceedings, the Maricopa County Public Defender was appointed to represent defendant. On October 3, 2001, defendant filed a Motion to Determine Counsel. The motion asserted that "counsel has a good faith belief that the victim and [a] former client may be the same person, thereby creating a conflict of inter-

est." Defendant asked that the court order victim to submit to fingerprint testing for comparison purposes. The state responded on October 11, 2001, arguing there is no reason to believe that victim and the public defender's former client are the same person. The state also objected to fingerprinting victim based on the Victim's Bill of Rights. Ariz. Const. art. 2, § 2.1(D).

¶ 4 On November 1, 2001, the trial court granted defendant's request to fingerprint victim in order to determine whether the former client of the public defender and victim were the same person. Upon the state's motion for a stay, the trial court vacated defendant's pending trial date. This special action followed.

### Jurisdiction

¶ 5 We have jurisdiction to accept this petition for special action, and we do so because there is no adequate remedy by appeal. *State ex rel. Romley v. Superior Court (Harris)*, 184 Ariz. 351, 353, 909 P.2d 418, 420 (App.1995). The right that is at issue, a victim's right to be protected under the Victim's Bill of Rights, would not be capable of protection if the matter were reviewed post-trial. We review the trial court's order granting defendant's motion for an abuse of discretion. *Id.*; Ariz. R.P. Spec. Act. 3(c).

### Discussion

**1. Conflict of Interest.**

¶ 6 Conflicts of interest on the part of counsel are addressed in Rule 42 of the Arizona Rules of the Supreme Court. Ariz. R. Sup.Ct. 42, ER 1.6, 1.7, 1.9, 1.10.[1] As we have noted in the past:

> The guarantees of the Sixth Amendment include the right to an attorney with undi-

---

1. ER 1.7 states:
   (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client . . .
   (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests[.]

Ariz. R. Sup.Ct. 42, ER 1.7(a)-(b).
ER 1.9 states:
   A lawyer who has formerly represented a client in a matter shall not thereafter:
   (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client[.]
Ariz. R. Sup.Ct. 42, ER 1.9(a).

vided loyalty. Counsel must be free to zealously defend the accused in a conflict-free environment.

*Maricopa County Public Defender's Office v. Superior Court (Nelson)*, 187 Ariz. 162, 165, 927 P.2d 822, 825 (App.1996) (citations omitted). Certainly, counsel has a duty to move to withdraw upon a good faith belief that a conflict exists. The trial court, applying principles we need not recite here, then determines whether withdrawal is appropriate.

¶ 7 In the motion to the trial court, defendant asserted that victim and defense counsel's former client share the same name. This is not disputed. The state asserts that according to the National Crime Information Center ("NCIC") and the Arizona Crime Information Center ("ACIC") victim has no criminal history. The birth dates of the former client and victim are also different; they have a nine-year disparity. Their physical descriptions are different as well, but not in an irreconcilable fashion. Victim's height is 5′6″ and he weighs 160 pounds. The former client represented by defense counsel in 1994, was 5′6″ and weighed 120 pounds. Defendant also claimed below that "[b]ased on interviews with potential witnesses, counsel has a good faith belief that the victim and the former client may be the same person, thereby creating a conflict of interest." [2]

¶ 8 We appreciate defense counsel's concern about needlessly withdrawing from representation due to a potential conflict of interest that could be resolved by an exchange of information. We encourage prosecutors and defense counsel to voluntarily cooperate with one another in exchanging information.[3] Nonetheless, when a potential conflict cannot be resolved through voluntary cooperation or other permissible discovery, defense counsel's option is *not* to have a victim finger-printed, but to consider whether to move to withdraw.[4] The trial court must then rule on the motion to withdraw based upon the permissible evidence and applicable law.

## 2. Victim's Bill of Rights.

█ ¶ 9 The Victim's Bill of Rights amended the Arizona Constitution to provide that "[t]he legislature, or the people by initiative or referendum, have the authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by this section[.]" Ariz. Const. art. 2, § 2.1(D); *State v. Uriarte*, 194 Ariz. 275, 278, 981 P.2d 575, 578 (App.1998). Court rules were adopted to "preserve and protect a victim's rights to justice and due process." Ariz. R.Crim. P. 39(b). A victim has "[t]he right to be treated with fairness, respect and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process." Ariz. R.Crim. P. 39(b)(1).

¶ 10 Arizona Revised Statutes ("A.R.S.") § 13–4434 (2001) also guarantees a victim certain rights. It provides:

[T]he victim has the right at any court proceeding not to testify regarding the victim's addresses, telephone numbers, place of employment or other locating information unless the victim consents or the court orders disclosure on finding that a compelling need for the information exists.

A.R.S. § 13–4434. Although the statute does not specifically reference fingerprinting, DNA testing or other more sophisticated means of obtaining identification, it is quite clear that far less intrusive means of identification, such as a victim's address and telephone number, are expressly protected.

---

**2.** Defendant does not reveal the content of the witness interviews that supports his conclusion.

**3.** This is not to suggest that the prosecutor has a role in the trial court's determination of any subsequent motion to withdraw in this case. *See, e.g., Smith v. Lewis*, 157 Ariz. 510, 512, 759 P.2d 1314, 1316 (1988); *Knapp v. Hardy*, 111 Ariz. 107, 112, 523 P.2d 1308, 1313 (1974); *State v. Garaygordobil*, 89 Ariz. 161, 163, 359 P.2d 753, 755 (1961). However, here, as in other cases, the prosecutor may facilitate the resolution of a motion to withdraw (or motion to determine counsel) by communicating with the victim and then advising defense counsel whether the victim chooses to waive his or her rights to withhold information that is otherwise protected. *See* Ariz. R.Crim. P. 39(c)(1), (c)(2) and (e).

**4.** Maricopa County has three separate entities that are available to provide legal services to the indigent: the Public Defender, the Legal Defender and the Legal Advocate.

¶ 11 The trial judge's order granting defendant's request to fingerprint victim significantly infringes upon victim's constitutional and statutory rights. We first note that no "compelling need" exists for the fingerprint comparison information. Counsel has the option, and possible duty, to move to withdraw. Second, gathering fingerprint information is a significant interference with an individual's expectation of privacy:

> The gathering of fingerprint evidence from "free persons" [as contrasted with those in custody] constitutes a sufficiently significant interference with individual expectations of privacy that law enforcement officials are required to demonstrate that they have probable cause, or at least an articulable suspicion, to believe that the person committed a criminal offense and that the fingerprinting will establish or negate the person's connection to the offense.

*Rise v. Oregon*, 59 F.3d 1556, 1559 (9th Cir. 1995); *see also Hayes v. Florida*, 470 U.S. 811, 813–18, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985); *Davis v. Mississippi*, 394 U.S. 721, 726–28, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). Fingerprinting victim is a significant invasion of victim's expectation of privacy here.

¶ 12 Moreover, granting defendant's motion to fingerprint victim violates public policy. It interferes with victim's "rights to justice and due process." Ariz. R.Crim. P. 39(b); *see also State v. Draper*, 162 Ariz. 433, 440, 784 P.2d 259, 266 (1989) (finding that the protections of Arizona Rule of Criminal Procedure 39 "reflect a public policy to reduce the harm and trauma inflicted on a victim by a criminal act"). In effect, granting defendant's motion deters victim from coming forward and assisting in the prosecution of this matter. If left in place, the trial court's order here would send the same inappropriate message to other victims of criminal offenses.

¶ 13 The comments to Rule 39 state that the rule was adopted to "balance the interests of victims in being treated with dignity and compassion with the interests of society as a whole in preserving the truth-seeking function of judicial proceedings." Ariz. R.Crim. P. 39 cmt. (2001). Fingerprinting the victim is not an appropriate balancing of those interests.

¶ 14 Finally, this is not a situation where rights granted to victim under the Victim's Bill of Rights conflict with a defendant's federal constitutional rights. *E.g., State ex rel. Romley v. Hutt*, 195 Ariz. 256, 259, ¶ 7, 987 P.2d 218, 221 (App.1999) ("[I]n some cases some victims' rights may be required to give way to a defendant's federal constitutional rights."). No showing that defendant's constitutional rights have been infringed upon has been made. As discussed above, if defense counsel's good faith belief that there is a conflict remains (without the fingerprint evidence), defense counsel should move to withdraw. The trial court will rule on the motion. Defendant's Sixth Amendment right to effective counsel at trial is thus preserved.

### Conclusion

¶ 15 For the foregoing reasons, we accept jurisdiction and determine that the trial court's order that victim Carlos M. submit to fingerprinting was an abuse of discretion. The trial court's order is vacated.

CONCURRING: JON W. THOMPSON, Presiding Judge, and JEFFERSON L. LANKFORD, Judge.