308 P.3d 1159

**STATE of Arizona ex rel. William G. MONTGOMERY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Joseph WELTY, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge, James Dean Koontz, Real Party in Interest.**

**State of Arizona ex rel. William G. Montgomery, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Harriet Chavez, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge, Robert Lee Gill, Real Party in Interest.**

Nos. 1 CA–SA 13–0145, 1 CA–SA 13–0155.

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 6, 2013.

As Amended Oct. 1, 2013.

William G. Montgomery, Maricopa County Attorney By Keli B. Luther, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Dwane Cates Law Group PLLC By W. Pierce Sargeant IV, Phoenix, Attorneys for Real Party in Interest Koontz.

James J. Haas, Maricopa County Public Defender By Christopher Manberg, Deputy Public Defender, Mikel Steinfeld, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest Gill.

## OPINION

HOWE, Presiding Judge.

¶ 1 In this consolidated special action, the State seeks relief from the trial courts' order compelling the disclosure of victims' birth dates to the Real Parties in Interest. We accept jurisdiction and grant relief because victims' birth dates are personally identifying information protected by the Victims' Bill of Rights.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The first Real Party in Interest, James Dean Koontz, is charged with one count of aggravated assault, a class 6 felony, for assaulting his girlfriend's six-year-old child. Because the child is a minor, her parents are also victims. Arizona Revised Statutes ("A.R.S.") section 13–4403(C) (West 2013).[1]

¶ 3 The State disclosed the Phoenix Police Department report to Koontz but redacted the parents' birth dates. Koontz requested the birth dates so that his counsel could run a conflict check. The State refused to disclose the information, but offered to otherwise assist counsel in determining the par-

ents' identities for purposes of the conflict check. Koontz refused the offer and moved to compel discovery of the parents' birth dates or to allow his counsel to withdraw because counsel could not run a conflict check. At the hearing on the motion, the trial court denied Koontz's motion to compel but granted the motion to withdraw. Koontz then withdrew his motion to withdraw and again moved to compel discovery, now arguing that he had a due process right to the parents' birth dates. The trial court granted Koontz's motion, ruling that the State had no authority to withhold the birth dates.

¶ 4 The second Real Party in Interest, Robert Lee Gill, is charged with three counts of Theft of Means of Transportation, class 3 felonies. The State disclosed the Phoenix Police Department report to Gill but redacted the victims' birth dates. Gill requested the redacted information to run a conflict check. The State refused, but offered to otherwise assist counsel in determining the victims' identities for purposes of the conflict check. Gill refused the offer and moved to compel discovery of the birth dates. The trial court denied the motion as premature because counsel had yet to run a conflict check using the victims' names. After counsel ran the check, Gill moved to reconsider his motion to compel. The trial court reconsidered the motion and ordered the birth dates disclosed because no statute or rule allowed the State to withhold that information.

¶ 5 The State filed separate petitions for special action challenging the orders. We stayed the orders in both cases and consolidated the petitions for our review. We have jurisdiction because the State has no adequate remedy by appeal, *State ex rel. Romley v. Dairman*, 208 Ariz. 484, 485 ¶ 2, 95 P.3d 548, 549 (App.2004), and this issue presented is one of first impression that has statewide importance that is likely to reoccur, *Ariz. St. Hosp. v. Klein*, 231 Ariz. 467, 470 ¶ 9, 296 P.3d 1003, 1006 (App.2013).

---

1. We cite the current version of the applicable statutes because no revisions material to this

decision have since occurred.

## DISCUSSION

¶ 6 The State argues that the trial courts erred by ordering the disclosure of the victims' birth dates.[2] We review a ruling on a motion to compel for an abuse of discretion, *Romley v. Schneider*, 202 Ariz. 362, 363 ¶ 5, 45 P.3d 685, 686 (App.2002), and issues of constitutional law and statutory interpretation de novo, *State v. Roque*, 213 Ariz. 193, 217 ¶ 89, 141 P.3d 368, 392 (2006). A trial court abuses its discretion if it makes an error of law in reaching its discretionary decision. *State v. Burns*, 231 Ariz. 563, 564 ¶ 6, 298 P.3d 911, 912 (App.2013).

¶ 7 The State based its refusal to disclose the victims' birth dates on the Victims' Bill of Rights, an amendment to the Arizona Constitution adopted "[t]o preserve and protect victims' rights to justice and due process." Ariz. Const. art. 2, § 2.1(A); *see also State v. Roscoe*, 185 Ariz. 68, 70, 912 P.2d 1297, 1299 (1996) (discussing the history of the Victims' Bill of Rights and related statutes and court rules). Among the constitutional rights granted to victims are the rights "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process," Ariz. Const. art. 2, § 2.1(A)(1), and "[t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant," *id.* at § 2.1(A)(5).

¶ 8 Section 2.1(D) of the Victims' Bill of Rights granted the legislature "the authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by this section." Pursuant to this authority, the legislature enacted A.R.S. § 13–4434 to protect a victim's right to keep personal information private. Subsection (A) gives a victim the right to refuse to testify at any court proceeding about "the victim's addresses, telephone numbers, places of employment or other locating information." Subsection (B) requires a law enforcement agency to redact a victim's contact and identifying information "in publicly accessible records pertaining to the criminal case involving the victim."

¶ 9 Our supreme court has also adopted rules mirroring these statutory protections. *See* Ariz. R.Crim. P. 39(b)(1) ("[t]he right to be treated with fairness, respect and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process"); 39(b)(10) ("[t]he right to require the prosecutor to withhold, during discovery and other proceedings, the home address and telephone number of the victim, the address and telephone number of the victim's place of employment, and the name of the victim's employer"); 39(b)(11) ("[t]he right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant"). These rules must be "construed to preserve and protect a victim's rights to justice and due process," Rule 39(b), and a victim has the rights enumerated in Rule 39(b) "[n]otwithstanding the provisions of any other rule in [the Arizona] Rules of Criminal Procedure," *id.* These rules are also construed in harmony with related statutes. *See Fragoso v. Fell*, 210 Ariz. 427, 430 ¶ 7, 111 P.3d 1027, 1030 (App.2005) (rules must be read in harmony with related statutes).

¶ 10 These constitutional provisions, statutes, and rules demand that the victims' birth dates must be protected from disclosure. One of the stated rights in the Victims' Bill of Rights and the accompanying court rules is allowing victims "to be free from intimidation, harassment, or abuse, throughout the criminal justice process."

---

2. Preliminarily, Gill has moved to dismiss the special action petition in his case, claiming that the State lacks standing to seek relief because the State has not shown that the victims exercised their right to refuse the disclosure of birth dates. We deny this motion because the victims in Gill's case have requested that the prosecutor assert their rights under the Victims' Bill of Rights. Once requested, the prosecutor has standing to assert "any of the rights to which the victim is entitled by this rule or by any other provision of law." Ariz. R.Crim. P. 39(c)(2); *State v. Warner*, 168 Ariz. 261, 263, 812 P.2d 1079, 1081 (App. 1990). The State is not required to show that the victims specifically approved filing a special action: "[T]he rules do not require the prosecutor to obtain a victim's consent before filing each motion or petition to enforce the asserted rights." *State v. Lee*, 226 Ariz. 234, 236 ¶ 6, 245 P.3d 919, 921 (App.2011).

Ariz. Const. art. 2, § 2.1(A)(1); Rule 39(b)(1). Disclosing a victim's birth date would substantially impair that right because that disclosure is a serious invasion of a victim's privacy. Birth dates "are in fact private information ... [that is] usually restricted to a class of persons, typically family members and friends." *Scottsdale Unified Sch. Dist. No. 48 v. KPNX Broadcasting Co.*, 191 Ariz. 297, 301 ¶ 16, 955 P.2d 534, 538 (1998). Knowledge of a birth date opens a wide door into a person's private life:

> With both a name and a birth date, one can obtain information about an individual's criminal record, arrest record (which may not include disposition of the charges), driving record, state of origin, political party affiliation, social security number, current and past addresses, civil litigation record, liens, property owned, credit history, financial accounts, and quite possibly, information concerning an individual's complete medical and military histories, and insurance and investment portfolio.

*Id.* at 302 ¶ 18, 955 P.2d at 539. Birth dates are as private as social security numbers. *See id.* at 301 ¶ 15, 955 P.2d at 538 ("[S]ocial security numbers and *dates of birth,* are a private matter.") (quoting *Oliva v. United States,* 756 F.Supp. 105, 107 (E.D.N.Y.1991)).

¶ 11 Because disclosure of birth dates would severely damage victims' privacy, birth dates are protected equally with victims' addresses, telephone numbers, and places of employment under § 13–4434(A). Although that statute does not specifically list birth dates as protected information, it does provide protection for "other locating information," and birth dates easily fall within that ambit. Under the statutory construction rule ejusdem generis, "general words which follow the enumeration of particular classes of persons or things should be interpreted" to apply "to persons or things of the same general nature or class." *State v. Barnett,* 142 Ariz. 592, 596, 691 P.2d 683, 687 (1984). Birth dates are "of the same general nature" as addresses, telephone numbers, and places of employment and are thus covered to the same extent.

¶ 12 This interpretation is consistent with prior precedent construing the stat-ute. In *Romley,* a trial court ordered a victim fingerprinted to allow the defendant's counsel to run a conflict check despite the State's claim that fingerprinting the victim violated the Victims' Bill of Rights. 202 Ariz. at 363 ¶¶ 3–4, 45 P.3d at 686. On special action review, this Court recognized that although § 13–4434(A)'s right to refuse disclosure did not explicitly include fingerprinting, the statute nevertheless allowed victims to refuse fingerprinting because "[f]ingerprinting [a] victim is a significant invasion of [a] victim's ... privacy" and thus "significantly infringes upon [a] victim's constitutional and statutory rights." *Id.* at 365 ¶ 11, 45 P.3d at 688. This Court further held that requiring fingerprinting would violate public policy because it would deter victims from coming forward and assisting the prosecution of criminal acts, thus interfering with victims' rights to justice and due process. *Id.* at ¶ 12.

¶ 13 The same analysis applies here. Although birth dates are not listed in the statute, their disclosure would result in the same—if not greater—invasion of victims' personal privacy that would work against the intent of the Victims' Bill of Rights to guard that privacy. It would also deter victims from participating in the criminal justice system because of the fear that criminal defendants could use such sensitive information to cause additional harm beyond the harm their criminal acts have already caused. Consequently, pursuant to § 13–4434(A), victims have the right to maintain the privacy of their birth dates.

¶ 14 Contrary to Real Parties in Interest's contention, denying disclosure of the victims' birth dates would not violate their constitutional rights. Of course, "when the defendant's constitutional right to due process conflicts with the Victims' Bill of Rights in a direct manner ... then due process is the superior right." *State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 236, 836 P.2d 445, 449 (App.1992). Although due process may require disclosure of a victim's birth date in a particular case (such as when it is relevant to prove an element of a crime or a

defense [3]), due process does not require it here.

¶ 15 Real Parties in Interest claim that they need the victims' birth dates so that their counsel may run conflict checks to see if they have previously represented the victims. But they and their counsel have no due process right to such a check. Real Parties in Interest are indeed entitled to counsel without conflicts of interest, but if counsel determine that they may have a conflict of interest because they may have previously represented the victims, the remedy is to withdraw so that new counsel may be appointed or hired, not to require disclosure of the victims' birth dates. This Court came to the same conclusion in *Romley*, rejecting the argument that fingerprinting of victims was necessary for a conflict check: "[W]hen a potential conflict cannot be resolved through voluntary cooperation or other permissible discovery, defense counsel's option is *not* to have a victim fingerprinted, but to consider whether to move to withdraw. 202 Ariz. at 364 ¶ 8, 45 P.3d at 687. Moreover, disclosure of the victims' birth dates is unnecessary in these cases because the State has expressed a willingness to cooperate using a method that would complete the conflict check and still protect the victims' privacy.[4]

¶ 16 The Real Parties in Interest have not otherwise shown a constitutional right to the victims' birth dates. Criminal defendants have no constitutional right to pre-trial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *State v. Connor*, 215 Ariz. 553, 561 ¶ 21, 161 P.3d 596, 604 (App.2007). They are entitled to disclosure only of evidence favorable to the defense and material to guilt or punishment, *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *State ex. rel. Romley*, 172 Ariz. at 238, 836 P.2d at 451. Any other discovery is subject to statutory or court rule limitation. *State*

*ex. rel. Romley*, 172 Ariz. at 238, 836 P.2d at 451.

¶ 17 Here, the victims' birth dates are not intrinsically exculpatory or impeachment evidence, or relevant to prove an element of a charge or a defense, and the Real Parties in Interest do not so allege. Thus, the Real Parties in Interest have no constitutional right to the birth dates, and disclosure of that information is subject to state statutes and rules. Because § 13–4434(A) allows victims to refuse disclosure of their birth dates absent a compelling need, the trial courts erred in ordering disclosure.

¶ 18 The trial courts also erred in ruling that the State had no authority to redact the victims' birth dates from the police reports. We agree that Section 13–4434(B) does not authorize the State to redact any victim information from the police reports because it imposes the duty to redact victim information on the law enforcement agency that originated the report, not the prosecuting agency. But the State nevertheless has the authority to redact that information under Rule 39.

¶ 19 Rule 39(b)(11) gives a victim the right "to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant," and Rule 39(c)(2) allows the prosecutor to assert that right on the victim's behalf. Thus, the State can refuse to disclose the victims' birth dates. This effectuates the victims' cardinal right to maintain their privacy from unwarranted intrusion. Interpreting the rule so also harmonizes it with Rule 39(b)(10) and with § 13–4434(A), which allow the prosecutor to withhold the victims' location and employment information.

¶ 20 If Rule 39(b)(11) does not apply to victims' birth dates, the intent of the Victims' Bill of Rights to guard victims' privacy is wholly undone. Although victims themselves have the statutory right to refuse to disclose their birth dates to defendants, defendants

---

3. A victim's birth date may be relevant to proving offenses or defenses. *See e.g.,* A.R.S. § 13–705 (dangerous crimes against children); A.R.S. § 13–1405 (sexual conduct with a minor); A.R.S. § 13–1407(B), (F) (defenses to sexual abuse and sexual conduct with a minor).

4. In the State's proposed method, defense counsel would run the victim's name through their database. If counsel found a match, counsel would provide the State with the matching birth date and the State would confirm whether the victim's birth date matched.

**14**

will circumvent that right by obtaining the information through the police reports. To avoid this circumvention and to uphold the purpose and the operation of the Victims' Bill of Rights, we interpret Rule 39(b)(11) to include victims' birth dates as information the State may refuse to disclose.

**CONCLUSION**

¶ 21 For these reasons, we accept jurisdiction and grant relief, concluding that the trial courts abused their discretion in ordering the disclosure of victims' birth dates to the Real Parties in Interest. We lift the previous stays of the trial courts' orders.

CONCURRING: MAURICE PORTLEY and PATRICIA A. OROZCO, Judges.