NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DENNIS RAY SMITH, *Petitioner/Appellee,*

*v.*

ROSE MARIE SMITH, *Respondent/Appellant.*

No. 1 CA-CV 16-0012 FC A
FILED 6-9-2016

Appeal from the Superior Court in Maricopa County
Nos. FC2010-004944; FN2010-001617 (Cons.)
The Honorable Dewain D. Fox, Judge

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Mesa
By Mark A. Shields, Robert Newell
*Counsel for Petitioner/Appellee*

The Harrian Law Firm P.L.C., Glendale
By Daniel Riley
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Andrew W. Gould joined.

H O W E, Judge:

¶1          Rose Marie Smith ("Wife") appeals the family court's orders dismissing her petition to modify spousal maintenance with prejudice and denying her motion for a new trial. For the following reasons, we affirm in part, but reverse the family court's order dismissing Wife's petition with prejudice and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2          In June 2010, after nine years of marriage to Wife, Dennis Ray Smith ("Husband") petitioned for dissolution of marriage with a minor child. They subsequently entered into an agreement resolving most of their issues. After a hearing resolving the remaining issues, the family court entered a final decree dissolving the marriage and ordering Husband to pay Wife $850 per month in spousal maintenance for 42 months beginning August 1, 2010.

¶3          In December 2013, Wife petitioned to modify the duration and amount of spousal maintenance, alleging that she had experienced a significant and ongoing change in circumstances. Wife alleged that, since the entry of the order, she had "suffered medical maladies that have significantly reduced her income and her earning potential." Wife further alleged that the conditions were not present when the court entered the original order and that they were "significant and ongoing."

¶4          Husband denied Wife's allegations and argued that Wife provided no information regarding her alleged medical maladies and that Wife had not alleged that she was "currently" suffering from the medical maladies. Husband also denied that Wife had suffered a change in circumstances, arguing that she had an adequate salary to live on and had a live-in boyfriend who contributed to her household expenses. Husband also requested attorneys' fees and expenses under A.R.S. § 25–324.

¶5          On July 31, 2014, Husband sent Wife a letter requesting that she provide a list of her health care providers and that she sign a medical

release for her records for each provider. Husband also subpoenaed Wife's employer for her employment records. Six days later, Wife's counsel objected to the subpoena as overbroad and seeking irrelevant information and proposed that Husband amend the subpoena. Wife's counsel also said Wife would not sign the releases because it was not her attorney's "practice to do so." Instead, Wife's counsel explained that he was collecting Wife's medical records and that after review, he would disclose them. Counsel stated that if he determined that any records were non-disclosable, he would provide a log identifying the document and the basis of his objection.

¶6        The next day, Husband responded in a letter that Wife put her employment history at issue by alleging that she was suffering generally from medical maladies, which caused a significant reduction in her income and earning potential. Husband also stated that, because Wife had put her medical condition at issue, he had a right to prepare a complete defense to her allegations and was entitled to all her medical records. Husband stated that if Wife did not agree to sign the medical releases by August 12, he would seek a court order compelling her to do so.

¶7        On August 12, Wife responded by inviting Husband to file a motion to compel. After Husband requested clarification about the releases, Wife confirmed that she would not provide them. That same day, Husband moved to compel Wife to provide a list of her medical providers, to sign a release for each provider, and to allow release of her employment records. Husband also requested attorneys' fees and costs associated with making the motion. Husband included an affidavit by his attorney stating that "after personal consultation and good faith efforts to do so, [counsel] has been unable to satisfactorily resolve the matter."

¶8        Wife responded that Husband failed to comply with Arizona Rule of Family Law Procedure 65, which requires that before a motion be brought, the moving party certify that, "after personal consultation and good faith efforts to do so," the parties have been unable to resolve the matter. Wife's counsel argued that Husband's counsel made no attempt to personally consult with him about the matter. Wife also argued that Husband's motion was premature because Wife offered to provide him a privilege log. Wife further argued that the court should impose sanctions under A.R.S. § 25–324 because Husband's income was more than Wife's and Husband had taken an unreasonable position by claiming that Wife refused to provide her medical records.

¶9        On August 19, the family court granted Husband's motion to compel, ordering Wife to disclose her health care providers, sign the

medical releases, and allow release of her employment records. The court deferred ruling on Husband's requests for sanctions. Husband then moved to preclude Wife from offering testimony or other evidence about her health and also requested that the "facts regarding Wife's health should be taken in accordance with Husband's claim that there has not been a substantial and continuing change in circumstances." Husband argued that Wife had repeatedly refused to provide him with the medical releases and her medical providers and that her actions constituted failure to disclose damaging or unfavorable information. Husband therefore requested attorneys' fees and expenses.

¶10        Wife responded to Husband's motion, arguing that she had already provided a list of her medical providers and her relevant medical records. Wife also petitioned for special action relief from this Court and our supreme court. Wife argued that Husband had not complied with Arizona Rule of Family Law Procedure 65 to engage in personal consultation and good faith efforts to resolve the matter and that the family court had violated the confidentiality of her medical records by ordering her to sign the releases. This Court and the Arizona Supreme Court declined to accept jurisdiction.

¶11        On August 21, 2015, after a status conference, the family court denied Husband's motion in limine, but ordered that (1) Wife sign the medical releases for all her medical providers; (2) if she failed to do so, Husband could file a notice of non-compliance; and (3) Wife's failure to comply would result in a dismissal of her petition with prejudice. The court found that on August 19, 2014, Wife was ordered to disclose her health care providers and sign the medical releases and that Wife conceded in her response to the motion in limine that she did not sign the releases as the August 19 order required. The court also found that Wife's disclosure of the medical records herself did not allow Husband to confirm the completeness of the records as the August 19 order authorized and therefore was not a valid excuse for failing to comply with the order. The court further found that Wife's failure to comply was not substantially justified. Thus, the court sanctioned Wife by awarding Husband his attorneys' fees and costs. The court found that under A.R.S. § 25–324(A), Wife took unreasonable positions and failed to comply with its August 19 order and under A.R.S. § 25–324(B)(3), Wife caused unnecessary delays and unnecessarily increased Husband's litigation costs.

¶12        Husband subsequently notified the court that Wife had not complied with its order and requested that Wife's petition be dismissed with prejudice. On October 1, the court dismissed Wife's petition with

prejudice. On October 20, however, the court modified its order to retain jurisdiction to determine the attorneys' fees amount; on October 21, the court awarded Husband fees and costs. On November 2, Wife moved for a new trial under Arizona Rule of Family Law Procedure 83 and explained that she had not received a copy of the court's October 1 order and that she had found out about that order from the October 20 order. Wife argued that the family court erred in granting Husband's motion to compel because Husband had not served Wife with a discovery request for her medical records as Arizona Rule of Family Law Procedure 65 required and because Rule 49 did not mandate the production of her medical records. Wife also argued that Husband did not comply with Rule 65 because he did not engage in "personal consultation and good faith efforts" to resolve the issue. Consequently, Wife further argued, the sanctions were improper. Wife requested that the family court vacate its orders dismissing her petition with prejudice and awarding Husband attorneys' fees and costs.

¶13        Husband responded that Wife's motion for a new trial was untimely because it was not filed within 15 days of entry of judgment as Arizona Rule of Family Law Procedure 83 required. On November 30, the family court denied Wife's motion for a new trial, concluding that she had not proved a ground for granting it. In doing so, the court found that the motion was timely because the court had no record that its October 1 order was mailed to the parties' counsels. Wife appealed the court's order on December 11. Wife moved for an accelerated disposition under Arizona Rule of Civil Appellate Procedure 29; this Court granted the motion.

**DISCUSSION**

### 1. Jurisdiction

¶14        Before we address Wife's arguments, we first address Husband's argument that this Court does not have jurisdiction because Wife untimely filed her motion for a new trial.[1] Husband argues that

---

[1]        Husband moved in this Court to strike a portion of Wife's reply brief. Husband contends that his answering brief addressed the untimeliness of the *motion for a new trial* whereas Wife's reply brief addressed the untimeliness of the *notice of appeal*; therefore, Husband contends, Wife's argument was raised for the first time in her reply brief and should be struck. Motions to strike are disfavored, *see Engel v. Landman*, 221 Ariz. 504, 509 ¶ 15 n.2, 212 P.3d 842, 847 n.2 (App. 2009), and we deny Husband's motion because Husband's distinction between the parties' arguments

because Wife filed her motion for a new trial 32 days after the October 1 order was entered, her motion was untimely and this Court does not have jurisdiction. But we have jurisdiction because Wife timely filed her notice of appeal. Generally, a notice of appeal must be filed no later than 30 days after entry of the judgment or order from which the appeal is taken. Ariz. R. Civ. App. P. 9(a). "[T]he timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *In re Marriage of Gray*, 144 Ariz. 89, 90, 695 P.2d 1127, 1128 (1985).

¶15         Husband's contention that the October 1 order was the final appealable order is erroneous because the family court had not resolved the attorneys' fees issue and the order did not contain an Arizona Rule of Family Law Procedure 78 certification of finality. *See Natale v. Natale*, 234 Ariz. 507, 509 ¶ 9, 323 P.3d 1158, 1160 (App. 2014) (providing that a family court ruling that resolves some but not all pending issues and does not have certification of finality is not final and appealable). The family court entered its final order on October 21, and Wife timely filed her motion for a new trial on November 2, thereby extending the time for filing a notice of appeal. *See* Ariz. R. Civ. App. P. 9(a); *In re Marriage of Dougall*, 234 Ariz. 2, 5 ¶ 7, 316 P.3d 591, 594 (App. 2013) (providing that Rule 9(e) extends time to file a notice of appeal until after court rules on certain timely filed motions, including a motion pursuant to Arizona Rule of Family Law Procedure 83(A)). The family court clerk filed the court's ruling on the motion for a new trial on November 30, restarting the 30-day period for Wife to file her notice of appeal. *See* Ariz. R. Civ. App. P. 9(e)(1) ("[T]he time to file a notice of appeal for all parties begins to run from the entry by the superior court clerk of a signed written order disposing [of the time-extending] motion."). Because Wife filed her notice of appeal on December 11, we have jurisdiction.

## 2. Motion to Compel

¶16         Wife argues that the family court erred in denying her motion for a new trial because the court erred in granting Husband's motion to

---

about this Court's jurisdiction is one without a difference. Husband raised the jurisdictional issue in his answering brief. In fact, his brief states that "[b]ecause the motion for new trial was untimely, the appeal date began to run immediately after October 1. . . . [The notice of appeal] was not filed until December 11. . . . Accordingly, this Court has no jurisdiction over the appeal." Wife reasonably construed that Husband's argument was about the untimeliness of the motion and notice of appeal. Consequently, Wife's argument in her reply brief was proper.

compel. We review an order denying a motion for new trial for an abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296 ¶ 10, 222 P.3d 909, 912 (App. 2009). We likewise review a ruling on a motion to compel for an abuse of discretion. *Romely v. Schneider*, 202 Ariz. 362, 363 ¶ 5, 45 P.3d 685, 686 (App. 2002). A court abuses its discretion if it makes an error of law in reaching its discretionary decision. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982). We review de novo issues of statutory and rule interpretation, however. *Bobrow v. Herrod*, 239 Ariz. 180, 182 ¶ 7, 367 P.3d 84, 86 (App. 2016). We look to the statute's or rule's plain language as the best indicator of the drafters' intent, and if the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction. *Id.* Because the family court did not err in granting Husband's motion to compel, it did not err in denying Wife's motion for a new trial.

## 2(a). Discovery Requirements

**¶17**      Wife first argues that the family court erred in granting the motion to compel because Arizona Rule of Family Law Procedure 49 does not mandate the production of a party's medical records in circumstances such as these. Rule 49 provides that when spousal maintenance is at issue, a party must disclose an affidavit of financial information and proof of income, including tax returns, pay stubs, and other financial records. Ariz. R. Fam. L. P. 49(C)–(D). But Rule 49 was not the basis of Husband's request for the releases; Husband sought the releases to use in subpoenaing Wife's medical providers pursuant to Rule 52. In her petition to modify spousal maintenance, Wife alleged that she "suffered medical maladies that have significantly reduced her income and her earning potential." Accordingly, the releases Husband asked Wife to sign were appropriate so that he could pursue discovery of her medical and employment records.

**¶18**      Wife also argues that the family court erred in granting the motion to compel because no underlying discovery request existed to enforce. But Wife's refusal to provide the releases Husband sought raised a discovery issue appropriate for resolution by way of a motion to compel. Here, Wife failed to comply with the family court's August 19 order to disclose her medical providers and sign releases for the providers. Only after Wife confirmed that she would not provide the releases did Husband move to compel.

**¶19**      Wife further argues that the family court erred in granting the motion to compel because the parties did not engage in good faith personal consultation as Rule 65 requires. Specifically, Wife argues that the family

court should have required "actual two-way communication." But Rule 65 states that no motion will be considered, "unless a *statement of the moving party is included* in the motion certifying that, after personal consultation and good faith efforts to do so, counsel[s] have been unable to satisfactorily resolve the matter." Ariz. R. Fam. L. P. 65(A)(2)(c) (emphasis added).

¶20          Here, Husband complied with Rule 65. Husband's counsel certified that counsel personally consulted with Wife's counsel in good faith to resolve the matter. Moreover, the record shows that Husband's counsel consulted with Wife's counsel to resolve the matter and that the parties engaged in two-way communication. Husband's counsel sent a letter to Wife's counsel requesting a list of Wife's medical providers, medical releases for the providers, and a release for her employment records. Wife's counsel responded that it was not his "practice" to have his client execute medical releases and that he would review the documents and provide a privilege log if he deemed any of the documents objectionable. Husband's counsel replied that because Wife put her employment and medical condition at issue, Husband had a right to prepare a complete defense to her allegations, which required that he have all her medical records. Counsel stated that she would seek a court order compelling production if Wife did not provide the releases. Wife's counsel invited Husband's counsel to do so. Only after verifying with Wife's counsel that Wife would not sign the releases did Husband's counsel move for a court order, resulting in the August 19 order.

## 2(b). Privileged Medical Records

¶21          Wife next argues that the family court violated "her right to the confidentiality of her medical records by compelling her to sign a medical release that was not tailored to the actual condition at issue in the litigation." Husband counters that this Court and the Arizona Supreme Court have already rejected Wife's argument because we declined to accept jurisdiction of Wife's special actions. But the "exercise of our jurisdiction to address an issue raised by special action is discretionary—we may decline jurisdiction and therefore render no decision on the merits at all," *State v. Felix*, 214 Ariz. 110, 112 ¶ 10, 149 P.3d 488, 490 (App. 2006), as was the case here. Because we have not rendered a decision on the merits of this issue, Wife may present this argument on appeal. Thus, whether and to what extent a privilege exists is a question of law that we review de novo. *Carondelet Health Network v. Miller*, 221 Ariz. 614, 617 ¶ 8, 212 P.3d 952, 955 (App. 2009). Because privilege statutes "impede the truth-finding function of the courts, [they] are strictly construed." *Id.* at 616 ¶ 7, 212 P.3d at 954.

Because Wife put her "medical maladies" at issue, the family court did not err in ordering her to disclose her medical providers and sign the releases.

**¶22**　　　"Unless otherwise provided by law, all medical records and payment records, and the information contained in medical records and payment records, are privileged and confidential." A.R.S. § 12–2292(A). This privilege is not absolute, however, and the patient, the holder of the privilege, may expressly or implicitly waive it. *Duquette v. Superior Court*, 161 Ariz. 269, 272, 778 P.2d 634, 637 (App. 1989). A party consents to disclosure of privileged information by (1) expressly waiving the privilege in writing or in open court testimony, A.R.S. § 32–2085(A), or (2) implicitly waiving the privilege by pursuing a course of conduct inconsistent with the privilege, such as by placing the underlying condition at issue as a claim or defense, affirmative or otherwise, *Blazek v. Superior Court*, 177 Ariz. 535, 541, 869 P.2d 509, 515 (App. 1994); *Danielson v. Superior Court*, 157 Ariz. 41, 43, 754 P.2d 1145, 1147 (App. 1987). The scope of the wavier "only extends to privileged communications concerning the specific condition which has been voluntarily placed at issue by the privilege holder." *Bain v. Superior Court*, 148 Ariz. 331, 335, 714 P.2d 824, 828 (1986).

**¶23**　　　However, "the privilege cannot be used as both a sword and a shield, . . . [t]hat is, a party cannot, by selective invocation of the privilege, disclose documents or testimony favorable to that party while failing to disclose cognate material unfavorable to that party." *Danielson*, 157 Ariz. at 43, 754 P.2d at 1147 (internal quotation marks and citations omitted). Implied waiver prevents a party from "asserting a particular factual position and then invoking the privilege" not only to support that position, but also to "prevent the opposing party from impeaching or otherwise challenging it." *State v. Wilson*, 200 Ariz. 390, 396 ¶ 16, 26 P.3d 1161, 1167 (App. 2001). In other words, "waiver can be implied when a party injects a matter that, in the context of the case, creates such a need for the opponent to obtain the information allegedly protected by the privilege that it would be unfair to allow that party to assert the privilege." *State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52, 61 ¶ 23, 13 P.3d 1169, 1178 (2000).

**¶24**　　　Here, Wife put her medical condition at issue when she petitioned to modify spousal maintenance and stated generally that she had "suffered medical maladies that have significantly reduced her income and her earning potential." The "specific condition" that Wife put at issue when petitioning for modification was the unspecified "medical maladies" that she claimed she was suffering. In responding to Wife's petition, Husband emphasized that Wife only claimed that she suffered from "medical maladies." Husband requested that Wife provide a list of her medical

providers and sign a medical release for each provider. Instead of objecting to the medical releases as being overly broad, as she had done for the employer release, Wife refused to sign the medical releases and stated that she would disclose any records she deemed non-objectionable.

**¶25**        Further, Wife is using the privilege as "both a sword and a shield." *Danielson*, 157 Ariz. at 43, 754 P.2d at 1147. Although Wife put her medical condition at issue and used it as the reason for asking the court to modify the duration and amount of spousal maintenance, Wife would not provide Husband the information necessary for him to either adequately challenge Wife's condition or offer evidence showing that the medical maladies she suffered from were not what she claimed. Most importantly, nothing in the record indicates that at this point of the litigation, Wife stated that she suffered from anything more specific than "medical maladies." On appeal Wife argues that the reason her earning potential was curtailed was a foot injury, but Wife never made clear to the family court that the medical basis for her petition to modify was limited to her foot—neither in her petition to modify nor in any of her filings on this issue. Wife argues nonetheless that she disclosed her foot injury in her disclosure statement, but such a statement was not filed with the family court. Accordingly, the family court did not err in ordering Wife to disclose her health care providers and to sign the releases.

### 3. Dismissal with Prejudice

**¶26**        Wife argues finally that the family court erred in dismissing her petition without entering express findings as *Wayne Cook Enterprises, Inc. v. Fain Properties Ltd. Partnership*, 196 Ariz. 146, 993 P.2d 1110 (App. 1999), requires. On appeal from a dismissal based upon discovery violations, we will affirm a family court's order unless the record reflects a clear abuse of discretion. *Rivers v. Solley*, 217 Ariz. 528, 530 ¶ 11, 177 P.3d 270, 272 (App. 2008). The family court's discretion in dismissing a case for discovery violations is more limited than when it employs lesser sanctions, however, and the court's "power to employ the ultimate sanction[] of dismissal . . . is circumscribed by due process considerations." *Seidman v. Seidman*, 222 Ariz. 408, 411 ¶ 18, 215 P.3d 382, 385 (App. 2009). Accordingly, before a court may dismiss an action, due process requires that the court hold an evidentiary hearing and make express findings that (1) "a party, as opposed to . . . counsel, has obstructed discovery" and (2) "the court has considered and rejected lesser sanctions as a penalty." *Wayne Cook*, 196 Ariz. at 149 ¶ 12, 993 P.2d at 1113.

¶27        Here, although the family court made factual findings after a status conference, the court held no evidentiary hearing regarding whether Wife's petition should be dismissed with prejudice and made no express findings regarding the two critical issues here. Consequently, we reverse the family court's order dismissing Wife's petition with prejudice and remand the matter to the family court with directions to conduct an evidentiary hearing. On remand, the court should consider (1) whether Wife's counsel was responsible for Wife's not signing the releases and (2) whether less severe sanctions are appropriate before dismissing the petition with prejudice.

### 4. Attorney's Fees on Appeal

¶28        Husband requests attorneys' fees pursuant to Arizona Rule of Family Law Procedure 31 and A.R.S. § 12–349 because Wife has a "record of blatant disobedience to court orders and other misconduct" and Wife did not engage in good faith litigation in filing this appeal. Aside from his allegations, Husband has not shown by a preponderance of the evidence a ground for sanctions. *See* A.R.S. § 12–349(A)(1)–(4); *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 244, 934 P.2d 801, 808 (App. 1997). We therefore deny his request.

### CONCLUSION

¶29        For the foregoing reasons, we affirm in part, but reverse the family court's order dismissing Wife's petition with prejudice and remand for proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: AA